ZEKIND and Others *v.* NEWKIRK and Others.[*]

Bill in chancery to foreclose a mortgage. The facts were these: *A.*, in 1838, bought the mortgaged premises of *B.*, and for a part of the purchase-money indorsed to *B.*, in blank, two promissory notes, to secure the payment of which he executed the mortgage. The notes and mortgage were assigned

---

[*] This case was decided on the 8th day of *December*, 1858; but it has been held back on petition for a rehearing until this day.

to *C.*, who, without suit against the makers of the notes, brought suit to fore-
close the mortgage. The condition of the mortgage was, that if the notes
(describing them) were paid at the time for the payment thereof by the
makers, &c., or by *A.*, the indorser, &c., without delay, the indenture and
the estate granted was to be void; but in case of failure of such payment,
the indenture and the estate granted were to be absolute. It was proved
that the notes, or some part of them, could have been collected from the
makers had diligence been used; that in 1839 and 1840 they owned personal
property, &c.; that no demand was made upon them for the money; that *A.*
was never notified of non-payment; that in 1842 the makers were decreed
and certified bankrupts.

*Held*, 1. That diligence was not used; that if it had been, it would have been
availing; and, hence, that *A.* was not liable as an indorser.

2. That the indorsements cannot be construed as a part of the condition of the
mortgage, because they were made concurrently with it.

3. That an indorsement, though in blank, is a written contract; but its terms
may be varied or controlled by a contemporaneous written agreement.

4. That the parties, in this case, intended so to control the contracts implied by
the indorsements; because by the condition of the mortgage they agreed
that the deed should become absolute, if the notes were not paid when due,
without delay; and because the mortgagor agreed to pay the notes if the
makers failed.

5. That the whole transaction showed that the notes were assigned to the
mortgagees, and were by them accepted, in view of their payment when
they matured.

APPEAL from the *Allen* Circuit Court.

Davison, J.—This was a suit in chancery commenced in
*January, 1853*, by the appellees, who were the plaintiffs,
against *Charles Zekind* and òthers, to foreclose a mort-
gage. The Circuit Court, at its *March* term, 1857, ren-
dered a decree for the plaintiffs, from which the defendants
appeal to this Court. The facts, so far as they relate to
the errors assigned, are these: *Zekind*, in *August*, 1838,
bought of *S.* and *W. Edsill* the mortgaged premises. For
a part of the purchase-money, he indorsed to the *Edsills*,
in blank, two promissory notes; and to secure the payment
of the notes, he executed to them the mortgage in ques-
tion. The notes and mortgage were duly assigned to,
*Newkirk, Mulford, & Co.*, who, without the institution of
any proceedings against the makers of the notes, brought
this suit to foreclose, &c. The following is the condition
of the mortgage: "These presents are upon this express
condition, that if two promissory notes, numbered 2 and 3,

Vol. XII.—35

May Term,
1859.

Zekind
v.
Newkirk.

Thursday,
June 16.

dated *July* 24, 1838, signed by *G. H. Long* and *T. J. Claw-son*, and payable to *Charles Zekind & Co.*—No. 2 given for 350 dollars, payable nine months after date, and No. 3 given for 700 dollars, payable at seventeen months—be well and truly paid at the time for the payment thereof, by the said *Long* and *Clawson*, their heirs, &c., or by the said *Charles Zekind* (by whom the notes were indorsed to *S.* and *W. Edsill*), his heirs, &c., without delay, then and from thenceforth this indenture, and all the estate hereby granted, shall cease and be void, &c.; but in case of failure of the payment as herein above specified, then this indenture, and the estate hereby granted, is to remain absolute and in full force and virtue in law."

It was proved that the notes, or some part of them, could have been collected from the makers, had due diligence been used after they respectively became due; that the makers, in the years 1839 and 1840, owned personal property in their possession to an amount greater than the amount stated in the notes; that no demand upon the makers of the notes was made for the money; that *Zekind & Co.* were never notified of their non-payment; and that, in the year 1842, the makers were decreed and certified bankrupts, under the bankrupt law of the *United States*.

These facts plainly show that, for the collection of the notes from the makers, no˙ diligence was used; and, further, that due diligence, had it been used, would have been availing. It follows that when this suit was brought, the defendants were not liable as indorsers of the notes. 2 Blackf. 350.—6 *id.* 285.—8 *id.* 304.—7 Ind. R. 247.

But in support of the decree, it is insisted, that a true construction of the condition of the mortgage, renders the failure to use due diligence against the makers of the notes, or an excuse for not using it, unimportant in the discussion of this case; because the condition expressly stipulates that the estate mortgaged shall become vested absolutely in the mortgagees, unless the notes are paid by the makers or the assignors at the time for the payment thereof, without delay. This stipulation is, indeed, very explicit, and seems to authorize the foreclosure of the mortgage upon

the mere failure to pay the notes at maturity. It is, however, contended, that the indorsements, being made concurrently with the mortgage, should be construed as parts of the condition. We are not inclined to adopt this construction. It may be that the indorsements and mortgage should be considered one transaction, and constitute but one contract between the parties; but when so considered, the inquiry arises, what is that contract? It was, no doubt, competent for the parties so to stipulate in the condition of the mortgage as to waive the necessity of suing, in the first instance, on the notes. Have they done so? True, an indorsement, though in blank, is, in legal effect, a written contract; yet its terms, which the law defines, must be varied, and even controlled, by a written contemporaneous agreement. And in this case, it is not an unfair conclusion, that the parties intended to control the contracts implied by the indorsements; because, in the condition to which we have referred, they expressly agree that the deed of mortgage shall become absolute, if the notes are not paid at the time for the payment thereof, without delay. And such intent is not even doubtful, when it is noted that the mortgagor himself stipulated, in effect, that he would pay the notes, in the event that the makers failed to pay them as they respectively became due. We are of opinion that the whole transaction, as it appears in the record, when fairly construed, at once shows that the notes were assigned to the mortgagees, and by them accepted, in view of their payment as they matured.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*R. Breckenridge* and *D. H. Colerick*, for the appellants.

*C. Case*, for the appellees.