*E. Walker*, for appellant.

*R. Jones* and *B. W. Langdon*, for appellee.

———•———

## BALLENGER v. OSWALT.

MORTGAGE.—A executed to B a mortgage upon real estate, conditioned that if A should pay or cause to be paid to B "the full sum of $217, as follows: $100 paid by note on C, due," &c., then the mortgage should be null, "but in case of the non-payment of said sum of $217, or any part thereof, as

aforesaid," then said mortgage might be foreclosed. Suit by A to compel satisfaction to be entered, alleging full payment of the debt secured by the mortgage. Answer that the note of C, secured by the mortgage, remained wholly unpaid.

*Held*, that the payment of C's note was secured by the mortgage.

*Held*, also, that it was not necessary, under the condition of the mortgage, that B should pursue his remedy upon the note against C, before resorting to the mortgage.

APPEAL from the *Grant* Circuit Court.

ELLIOTT, J.—*Ballenger*, who was the plaintiff below, filed a complaint to compel satisfaction of a mortgage executed by him to *Oswalt*. The mortgage is made a part of the complaint, and the condition thereof recites that if *Ballenger* shall pay or cause to be paid to *Oswalt*, "the full sum of $217 68, as follows, to-wit: $100 paid by note on *William Winslow*, due, and $75 in one year from date," (the date of the mortgage,) and $42 68 in five years from date, in all $217 18, then the indenture shall be void, &c., "but in case of the non-payment of said sum of $217 68, or any part or parcel thereof, according to the conditions of said indenture, as aforesaid, at the time aforesaid," then *Oswalt* may foreclose the equity of redemption, &c. The complaint averred that the plaintiffs had long since performed all the conditions and stipulations in said mortgage, which he was bound to perform, and had paid and satisfied his obligation therein, but that the defendant had failed and refused to enter satisfaction of the mortgage.

The mortgage was dated on the 17th of *October*, 1853, and the suit was commenced in 1865.

*Oswalt*, the defendant, filed an answer in the nature of a cross-complaint. It admits that the plaintiff executed to him the mortgage, as stated in the complaint, and alleges that the plaintiff, at the same time, assigned and delivered to him a promissory note on one *William Winslow*, calling for $100, dated *August* 25, 1853, and due in eighteen months after date, which was the same note erroneously described in the mortgage as due, and was the only note assigned to him by the plaintiff on said *Winslow*; that said note and

the interest thereon remained due and wholly unpaid, wherefore he denied that the conditions of the mortgage had been fully performed; that at the date of the assignment of the note to the defendant, *Winslow*, the maker, was a resident of the State of *Indiana*, but that before the note became due he removed to the State of *Iowa*, and so remained a resident of *Iowa*, and did not return to *Indiana* until *June*, 1861, and that the plaintiff then directed the defendant not to sue said *Winslow* on said note until further notice from the plaintiff, which notice the plaintiff had never given; that ever since his return to the State of *Indiana*, the said *Winslow* had been a resident householder thereof, and wholly insolvent, and not the owner of any property subject to execution; and that the mortgage was given to secure the purchase money for the land described therein. Prayer for the foreclosure of the mortgage and for other proper relief. A demurrer was filed to the answer and overruled, and the ruling excepted to.

The plaintiff filed a reply of three paragraphs.

1. A general denial.

2. Alleging that the defendant received the note of *Winslow* in payment and full satisfaction of the sum of $100, and that the assignment thereof by the plaintiff was only for the purpose of transferring the property therein to the defendant, and not for the purpose of giving to him any recourse on the plaintiff, if *Winslow* should fail to pay the same.

3. That after the assignment of the note of *Winslow* to the defendant, and after the same became due, *Winslow*, the maker, was within the jurisdiction of the courts of said county of *Grant*, and had property subject to execution sufficient to pay the same, &c. The court sustained a demurrer to the third paragraph of the reply, to which the plaintiff excepted.

There was a trial by jury, which resulted in a verdict for the defendant for $164 33, being the amount of the note on *Winslow* and interest thereon. A motion for a new trial

was overruled, and judgment rendered on the finding of the jury, for a foreclosure and sale of the mortgaged premises.

The first question urged for our consideration arises upon the ruling of the court in overruling the demurrer to the defendant's answer. The objection urged to the answer is that the mortgage describes the note on *Winslow,* transferred by the plaintiff to the defendant, as due, while the note set up in the answer was not due for more than a year after the execution of the mortgage. The objection is not well taken. The answer avers that the note set up therein is, in fact, the same note referred to in the mortgage, and is the only note transferred by the plaintiff to the defendant, under the contract. These averments amount to a clear and distinct allegation that the note presented by the defendant is the same note referred to and intended to be described in the mortgage. They are, indeed, equivalent to an averment that the mortgage misdescribes the note. *Dumell* v. *Terstegge,* 23 Ind. 397.

The remaining question presented in the case arises upon the ruling of the court in sustaining the demurrer to the third paragraph of the reply, and upon certain instructions given by the court to the jury, to which the plaintiff excepted. The instructions were as follows, viz:

1. "The mortgage secured the payment of $217 68, and if that amount, with interest, according to the terms expressed in the mortgage, has not been paid, or in some way satisfied to the said defendant, *Oswalt,* then the mortgage is not satisfied.

2. "If you find that the mortgage is satisfied, you should find for the plaintiff; if you find the mortgage is not satisfied, you may find the balance due on the mortgage in favor of the defendant.

3. "It was not necessary for the defendant to pursue his remedy on the *Winslow* note before foreclosing the mortgage, but he may rely on the mortgage in the first instance."

There was no evidence as to the solvency or insolvency of *Winslow*. The appellant contends that the sum of $100, represented by the *Winslow* note, was not secured by the mortgage; that the only sums secured or intended to be secured thereby, were the notes executed by the plaintiff to the defendant, one for $75, and the other for $42 68, both of which had been paid before the commencement of the suit, and that the mortgage was therefore fully paid and discharged. It is further insisted that, if mistaken in the first proposition, and if the note of *Winslow* was covered and secured by the mortgage, as the plaintiff assigned the note by indorsement to the defendant, the latter was bound to use due diligence to collect it by suit against *Winslow*, and that he could only resort to a foreclosure of the mortgage after a proper and unsuccessful effort by suit to make the money off of *Winslow*, or by showing that such a suit would have been useless because of his insolvency.

Whether either of these propositions is correct must depend upon the construction that must be given to the mortgage. It seems clear to us that the first proposition cannot be maintained. By its express provision the sum secured by the mortgage is $217 68, $100 of which is the note on *Winslow*, due February 25, 1855, and the residue, the two notes of the appellant, the one for $75, due at one year, the other for $42 68, bearing interest, and due at five years from the date of the mortgage. It is further expressly provided that, in case of the non-payment of the said sum of $217 68, or any part or parcel thereof, according to the condition of the mortgage, at the time aforesaid, then the mortgage may be foreclosed, &c. The note on *Winslow* constituted a part of the aggregate sum named in the condition, and is covered and secured by the mortgage by precisely the same language that relates to the notes executed by the mortgagor.

But was it necessary that *Oswalt* should first pursue his remedy against *Winslow* on the note, or show a valid excuse for not doing so, before he could resort to the mortgage.

It must be borne in mind .that the claim set up by *Oswalt* in his answer is not upon the assignment of the note by *Ballenger*, but upon the· mortgage, which he seeks to foreclose because of the breach of its conditions by the non-payment, when due, of the amount of the note of *Winslow*.

It was undoubtedly competent for the parties, by a stipulation in the condition of the mortgage, to waive the necessity of a suit on the note, before resorting to a foreclosure of the mortgage; and such, we think, is the effect of the language used, when fairly construed. We have seen that the note of *Winslow* formed a part of the aggregate sum secured by the mortgage, and the stipulation that, in case of the non-payment .of that sum, "or any part or parcel thereof," at the time when due, according to the conditions of the mortgage, the mortgagee might foreclose the equity of redemption, seems clearly to confer on the latter the right to resort to his remedy on the mortgage in the first· instance. This conclusion is sustained by the opinion of the court in *Zekind* v. *Newkirk.* 12 Ind. 544.

The judgment is affirmed, with 5 per cent. damages, and costs.

*A. Steele* and *R. T. St. John*, for appellant.

*J. M. Wallace* and *N. W. Gordon*, for appellee.