## BARLOW *v.* DEIBERT ET AL.

PROMISSORY NOTE AND MORTGAGE.—*Assignment and Additional Mortgage.*— *Subrogation.*—B. executed to H. certain promissory notes and a mortgage to secure their payment; H. afterward purchased lands of T., and in part payment transferred the notes and mortgage of B., and with his wife executed a mortgage on the land purchased to secure the payment of these notes, and stipulated to pay them; T. transferred the notes and mortgage to E., who foreclosed the mortgage executed by B., and took personal judgment against him on the notes; W. became bail for the stay of execution on the judgment, and was compelled to pay the same, and received a transfer from E. of any interest he held in the mortgage executed by H. and wife. Suit by W. ask-

ing to be subrogated to the rights of E. in this mortgage, B. being insolvent. *Held,* that there was no equity in the case made, and a demurrer to the complaint setting up these facts was properly sustained.

APPEAL from the Bartholomew Circuit Court.

WORDEN, J.—Action by the appellant against the appellees. Demurrer sustained to the complaint, and judgment for defendants. Plaintiff appeals.

The complaint was in two paragraphs, alleging, in slightly different modes, the following facts:

First. That Cornelius and William Barlow executed to John C. Hager certain promissory notes and a mortgage on property therein described, to secure the payment thereof.

Second. That Hager afterward purchased certain lands, described, of Alfred T. Bone, and, in part payment therefor, transferred to him the above mentioned notes and mortgage, and in connection with his wife, Eleanor, (now Eleanor Deibert) executed to said Alfred T. Bone a mortgage on the property thus purchased, to secure the payment of the notes thus transferred, and stipulating to pay the same.

Third. That said Alfred T. Bone transferred the notes and mortgages to William E. Bone; who foreclosed the mortgage executed by the Barlows, and took personal judgment against them on the notes in the proper court.

Fourth. That the appellant became bail for the stay of execution on the judgment above mentioned, and as such he has been compelled to pay over four thousand dollars of a deficit, after exhausting the mortgaged premises.

Fifth. That Cornelius and William Barlow are insolvent, and that William E. Bone has transferred to the plaintiff whatever interest he had in the mortgage executed by Hager and wife to Alfred T. Bone. Other averments are made connecting the defendants to the suit with the case.

Prayer, that the plaintiff may be subrogated to the rights of William E. Bone, and that the mortgage executed by Hager and wife be foreclosed in his favor, and for general relief.

VOL. XXXIX.—2

There is no equity in the case made, and the demurrer was properly sustained to the complaint.

The debt for which the appellant became surety was the debt of Cornelius and William Barlow, and one which they, as between themselves and Hager, ought to pay. It may be conceded that Bone might, in the first instance, have foreclosed his mortgage against Hager without first resorting to legal measures to collect the debt of the makers of the notes, or foreclosing their mortgage. *Zekind* v. *Newkirk*, 12 Ind. 544; *Ballenger* v. *Oswalt*, 26 Ind. 182; *O'Haver* v. *Shidler*, 26 Ind. 278. The stipulation in the mortgage executed by Hager to pay the notes thus assigned by him would, doubtless, subject him to an action for non-payment; but this did not release the makers of the notes from the duty that devolved principally upon them to pay them. Then when the appellant became bail for the stay of execution, he became as much bound for the payment of the debt as were his principals, the only difference being that the property of the principals was to be first exhausted. A recognizance of bail for the stay of execution has the effect of a judgment confessed; and an execution issues jointly against the principal and bail, but is to be first levied of the property of the principal. 2 G. & H. 235–6, secs. 427–8.

When the appellant became replevin bail for the payment of the debt, it became his duty, as between himself and Hager, to pay the debt as much as it was that of his principals. He occupies a position no more favorable than if he had been originally a surety upon the notes, and judgment had been rendered thereon against him with his principals, with proper directions to first levy upon the property of the principals. In such case, it will scarcely be contended that there would be any equitable ground to require Hager in any manner to reimburse him. A party becoming bail for the stay of execution is considered as having adopted and become a party to the original contract, as the surety of the debtor. *Hutchins* v. *Hanna*, 8 Ind. 533.

The equitable doctrine, that a surety is entitled to be subrogated to the securities held by the creditor, has no application to cases like the present. That doctrine supposes that the securities thus to be resorted to for the benefit of the surety are valid and subsisting securities, and such as can be equitably enforced. Such is not the case in reference to the mortgage executed by Hager to Bone. That mortgage became discharged and liquidated by the payment of the debt which it was intended to secure. It had then performed its office and ceased to be a subsisting security. It might be regarded as kept alive, perhaps, if there were any equities requiring it. *Howe* v. *Woodruff*, 12 Ind. 214. But there are no such equities in the case. As it was the duty of the surety as well as his principals to pay the debt, as between themselves or any of them and Hager, we see no ground upon which the latter can be equitably called upon to reimburse the surety.

The judgment below is affirmed, with costs.

*S. Stansifer*, for appellant.

*F. T. Hord*, for appellees.