## ROBERTSON *v.* CAUBLE ET AL., ADM'RS.

MORTGAGE.—*Foreclosure.*—*Promissory Note.*—*Mortgage by Assignor to Assignee.* —*Endorser.*—The payee of certain promissory notes, having assigned the same to another by a blank endorsement, executed to the assignee, to secure the payment of such notes, a mortgage on certain real estate, conditioned that if the payee "shall pay said notes according to their tenor and effect, or cause the same to be paid, this mortgage shall be void," etc.

*Held*, in an action upon such note, and to foreclose such mortgage, by the assignee, against the maker and payee, that the plaintiff is entitled to personal judgment against both defendants for the amount due on such note, to foreclosure of such mortgage against the payee, and to execution over against the maker for any part of such judgment remaining unsatisfied by the sale of the mortgaged premises.

*Held*, also, that the liability of such payee is primary, and not merely that of an endorser.

From the Washington Circuit Court.

*T. L. Collins* and *A. B. Collins*, for appellant.

*S. B. Voyles* and *T. Huston*, for appellees.

NIBLACK, J.—This was an action by Peter C. Cauble and Sarah E. Caspar, as administrators of the estate of Lewis Caspar, deceased, against the appellant, Henry Robertson, John Huffman and William H. Huffman, on seven promissory notes, and to foreclose a mortgage exe-

cuted by the said Robertson to secure the payment of said notes.

Robertson filed a separate demurrer to the complaint, which was overruled.

Robertson then answered in general denial. The Huffmans made default.

There was a trial by the court, a finding and judgment against all the defendants, and a decree of foreclosure against Robertson on the mortgage, with an order for execution against the Huffmans for any balance that might remain due after exhausting the mortgaged property.

The complaint shows that five of the notes sued on were executed by the said John Huffman on the 31st day of August, 1867. The other two notes were executed at the same time by him and the said William H. Huffman jointly. These notes fell due at different times, and were all made payable to the said Robertson.

Afterward, on the 24th day of August, 1868, Robertson sold these notes to the said Lewis Caspar, and assigned the same to him, said Caspar, by the indorsement of his, said Robertson's, name in blank upon each one of them. To secure the payment of the notes, Robertson, on the same day, executed to Caspar a mortgage on certain real estate. The object and condition of the mortgage were declared to be, " To secure said Lewis Caspar in the payment of the sum of three thousand and seven dollars and eighteen cents, evidenced by nine promissory notes, as follows, to wit :" (Here follows a description in detail of the promissory notes above referred to, with a reference to the indorsements thereon.) " Now, therefore, if said Henry Robertson shall pay said notes according to their tenor and effect, or cause the same to be paid, this mortgage shall be void and of no effect."

The appellant assumes, in his argument here, that he is only liable on the above named notes as an indorser, and that the mortgage does not, in any manner, extend his liability upon them; that the complaint, as against

him, was defective in not showing that proper proceedings had been first taken against the Huffmans to charge him as such indorser, and that, hence, the court erred in overruling his demurrer to the complaint.

Even if Robertson had not in any way been a party to the notes, it was competent for him to assume their payment, or to make himself liable upon them as a maker, by the execution of a mortgage or other separate instrument in writing. *Josselyn* v. *Edwards, ante*, p. 212. Being already an indorser of the notes, it was equally competent for him to increase or extend his liability upon them, if he chose to do so.

We think the phraseology of the mortgage, above quoted, extends his liability on the notes beyond that of an indorser or guarantor merely, and makes him primarily liable for their payment, at least to the extent to which they were secured by the mortgage.

In that view, we seem to be fully sustained by the case of *Zekind* v. *Newkirk*, 12 Ind. 544. See, also, *Burnham* v. *Gallentine*, 11 Ind. 295, and *Watson* v. *Beabout*, 18 Ind. 281.

We can not, therefore, hold, that the court erred in overruling the appellant's demurrer to the complaint.

The appellant also complains, that certain portions of the judgment are not in accordance with the finding of the court, and are therefore erroneous. But, as no exception seems to have been reserved to the action of the court in the rendition of the judgment, we can not consider the supposed errors, thus complained of.

We are unable to discover any available error in the record.

The judgment is affirmed, at the costs of the appellant.