Kings County.—HON. W. L. LIVINGSTON, Surrogate.— April, 1880.

MATTER OF MILLER.

*In the matter of the accounting of* HENRY J. CULLEN, JR., *as administrator, &c., of* SUSAN B. MILLER, *deceased.*

An administrator will be allowed upon his accounting, the amount paid for funeral expenses, in the absence of proof that they were unreasonably large, even though they were first paid by the son of the deceased, to whom the administrator subsequently repaid the amount.

The law implies a promise on the part of the administrator, having assets in his hands, to reimburse the person who pays the funeral expenses.

Where the administrator, in good faith, institutes legal proceedings for the benefit of the estate, a result favorable to the administrator in the first instance, though reversed on appeal, proves that the proceedings were not altogether groundless.

The awarding of costs on appeal against the estate is no evidence that the court considered the proceedings unjustifiable.

Nor does such a conclusion follow from the fact that costs are awarded against the estate in a case where the administrator is plaintiff.

It is different where the administrator is defendant. If costs are awarded against him in such an action, it is evidence that the claim has been unreasonably litigated.

Hence, where an administrator proceeds against an individual for the col-
lection of an alleged claim, and obtains a favorable decision in the
first instance, which is reversed on appeal to the General Term, with
costs to be paid out of the estate; and upon appeal by the administrator
to the Court of Appeals the order of the General Term is affirmed,
with costs to be paid out of the estate, *Held,* upon an accounting by
the administrator, had at the instance of the party so sued, showing no
assets in the hands of the administrator, that the administrator must
be allowed the proper expenses and disbursements incurred by him in
carrying on those proceedings.

APPLICATION by a creditor, to compel the adminis-
trator, Henry J. Cullen, Jr., to account and pay the
creditor's claim.

The administrator instituted certain proceedings against
the creditor to collect an alleged claim against him, which
proceedings resulted in an order in favor of the adminis-
trator.

An appeal from that order was taken by the creditor
to the General Term and the judgment was reversed, with
costs to be paid out of the estate.

On appeal to the court of appeals by the administrator,
the order of the general term was affirmed, with costs,
also payable out of the estate.   The administrator ac-
counted, showing that there were no assets in his hands.
In the accounts the administrator credited himself with
$274.58 for funeral expenses paid by him to the son of
the deceased, who had originally paid the same; and also
with various sums, amounting to $214.22, for referee's
fees, counsel fees, stenographer's fees, and other dis-
bursements connected with the said legal proceedings.

The creditor objected to these two amounts and in-
sisted that his claim, which consisted of the costs of
appeal above mentioned, should be paid.

SAMUEL B. HIGENBOTOM, *for petitioner.*

GEORGE B. ABBOTT, *for administrator*

THE SURROGATE.—The objection to the payment of the funeral expenses must be overruled. They were paid long before the creditor's claim arose, and there is no evidence to show that they were unreasonably large. It makes no difference that they were first paid by the son of the deceased; the law implies a promise on the part of the administrator having assets in his hands to reimburse him. (*Dayton on Surrogate,* 285; McCue v. Garvey, 14 *Hun,* 562.)

The objection to the expenses incurred in the legal proceedings against the creditor must also be overruled. These proceedings were brought in good faith for the benefit of the estate, and the fact that they resulted in the first instance in an order in favor of the administrator proves that they were not altogether groundless. That the costs on *appeal* were awarded to the creditor is no evidence that the court considered that the proceedings were unjustifiable. (Hunt v. Connor, 17 *Abb. Pr.*, 466.) Nor will such a conclusion follow from the fact that costs were awarded against the administrator in a case like this one, where he is the plaintiff or prosecuting party. (Fox v. Fox, 22 *How. Pr.*, 453; Howe v. Lloyd, 9 *Abb. Pr.*, *N. S.*, 257.) In this respect this case differs from Matter of Nichols, recently decided by this court, where costs had been given by the court against the executor, in an action brought against him, which was considered evidence that the claim had been unreasonably litigated by the administrator. (2 *R. S.*, 90, § 41.)

The administrator must therefore be allowed in his ac-

count for the proper expenses and disbursements incurred by him in carrying on the proceedings referred to. (*Redf. Surr. Pr.*, 394.)

Ordered accordingly.