SETH PINKHAM *vs.* HORACE A. GRANT and trustee.

York. Opinion February 23, 1886.

*Trustee process. Executor. Payment of legacy before the probate of the will.*

When one named as executor in a will, after the decease of the testator, and before the probate of the will and his appointment and qualification as executor, pays to a legatee a legacy given him by the will, the probate of the will and appointment and qualification of the executor relate back by construction to the death of the testator, and validate the payment. The legatee no longer has any legal claim for the legacy.

ON EXCEPTIONS.

Assumpsit on a promissory note in which the only question presented related to the charging of the alleged trustee.

Upon the facts stated in the opinion the presiding justice discharged the trustee and to this ruling the plaintiff alleged exceptions.

*R. .P. Tapley*, for the plaintiff.

The trustee seeks to avoid the plaintiff's attachment by an act done anterior to his appointment. This he can not do. In considering the attempt to thus avoid, it must be noticed that the proceeding is not against him as executor *de son tort*, but is against him as executor *de jure* and by virtue of clear, explicit provisions of statute authorizing it. R. S., c. 86, § 36, and see also *Cummings* v. *Garvin*, 65 Maine, 301.

When the will was probated and this trustee was appointed executor, he gave a bond that he would thereafter administer the estate according to law. It would be a novel claim that this bond would be held to cover acts done before his appointment

and the giving of the bond. His appointment on the fifth of September could not authorize him to pay on the fourth.

" The executor has no legitimate authority to do any act before the probate of the will except such as are strictly necessary and indispensable, such as providing for the decent burial of the deceased and such as are required to preserve the property of the estate and for the comfortable support of the family.', 3 Redf. Wills, 21.

He can not convey the personal property. He can not sue for and collect debts. *Campbell* v. *Sheldon*, 13 Pick. 22. Having advanced his own funds to his brother, the defendant, before his appointment as executor, the day before, he made himself the creditor of his brother to that amount and stood in the same relation to him after the appointment. It did not give him a lien on the legacy.

Counsel further contended that the transaction was clearly devoid of good faith, and that it was void as to creditors by the common law. In reply counsel cited: *McKeen* v. *Frost*, 46 Maine, 249; *Gilman* v. *Gilman*, 54 Maine, 456; *Pettingill* v. *Pettingill*, 60 Maine, 411; 3 Redf. Wills, 21.

*H. Fairfield*, for the trustee, cited: 2 Redf. Wills, 14-16; *Rand* v. *Hubbard*, 4 Met. 256; *Spring* v. *Parkman*, 12 Maine, 132.

LIBBEY, J. The exceptions raise the question of the liability of the trustee. The facts upon which the liability depends are, in substance, as follows: Ira Grant died, testate, July 27, 1882. The trustee was named as executor in the will. The testator gave to the principal defendant a legacy of one thousand dollars. On the fourth of September, 1882, the trustee, as executor, paid to the principal defendant nine hundred and twelve dollars in part payment of the legacy, taking his receipt therefor. The will was probated on the fifth of September, 1882, and on that day the trustee was duly appointed and qualified as executor. Afterwards, on the same day, this action was commenced and the writ served on the trustee. By the settlement of the estate in probate, it appears that it is insufficient to pay all legacies in

full, and that the nine hundred and twelve dollars was all that the defendant was entitled to under the will.

It is claimed by the learned counsel for the plaintiff that when the payment was made by the trustee, he had not been appointed executor by the probate court, and had no authority to make the payment; that he made it in his own wrong, and therefore the legacy was due from the estate of the testator when the writ was served.

We think this is not the law. True, when the payment was made the trustee had no legal right to use the funds of the estate for that purpose; but when one named as executor in a will deals with the assets of the estate before his appointment and qualification, without authority, his appointment and qualification date back by construction to the death of his testator and validate his acts, and he can no longer be held as executor de son tort. At the time of the service there was nothing due the legatee. *Shillaber* v. *Wyman*, 15, Mass. 322; *Andrew* v. *Gallison*, 15 Mass. 325; *Rand* v. *Hubbard*, 4 Met. 252; *Spring* v. *Parkman*, 12 Maine, 127; *Alvord* v. *Mars*, 12 Allen, 603.

It is further claimed for the plaintiff, that, as matter of fact, the payment was not made till after the service of the writ, but we think the case does not warrant such a finding.

*Exceptions overruled.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN and HASKELL, JJ., concurred.