No. 1,936.

## CONNECTICUT MUTUAL LIFE INSURANCE COMPANY ET AL. *v.* HOBBS, ADMINISTRATOR.

COSTS.—*Lien.—Foreclosure of Real Estate Mortgage.—Insolvency.— Decedent's Estate.*—The costs of foreclosure proceedings are such a lien upon the lands that must be discharged by the moneys realized from the sale, where the proceeds of sale are sufficient, notwithstanding the estate is insolvent.

From the Tipton Circuit Court.

*Holstein & Barrett* and *Oglebay & Oglebay*, for appellants.

*Waugh, Kemp & Waugh*, for appellee.

LOTZ, J.—The appellee, as the administrator of the estate of Michael A. Murphy, deceased, filed his report as such administrator. The appellant appeared and filed exceptions to the report. The cause was submitted to the court and resulted in a general finding in favor of the appellee.

The error assigned is the overruling of the motion for a new trial. It is insisted that the finding is contrary to the law and the evidence.

The facts of this case, as established by the undisputed evidence, are substantially as follows: The appellee's decedent in his lifetime secured a loan from the appel-

682    APPELLATE COURT OF INDIANA,

Connecticut Mutual Life Insurance Company *et al.* *v.* Hobbs, Admr.

lant, and executed his notes for the principal sum and notes for the interest falling due annually. These notes were secured by a mortgage executed by the decedent and his wife on one hundred and sixty acres of land in Tipton county. After the maturity of the indebtedness, the appellant filed the same as a claim against the estate of the decedent. The administrator allowed a part of the claim, and the cause was transferred to the trial docket. The appellant then filed a second paragraph of complaint asking that its mortgage be foreclosed. This cause was submitted to the court and resulted in a judgment in favor of the appellant, in the sum of $3,482.20 and costs of suit and decree of foreclosure.

Subsequently the administrator filed his petition and obtained an order of the court to sell the two-thirds of the real estate covered by said mortgage to make assets to pay the debts of the decedent (one-third having been previously set off to the widow). The land was sold free from the encumbrance and the proceeds ordered paid in discharge of the foreclosure judgment. The administrator realized from the sale more than enough to pay the whole amount of appellant's foreclosure judgment including the costs. He paid all of the judgment except the costs and sought to settle the estate as insolvent and refused to pay the costs of the foreclosure proceedings out of the moneys realized from the sale of the lands.

In its exception to the report the costs of the foreclosure proceedings are alleged to be $50.00. The appellee in his answer to the exception did not deny this amount, but sought to be excused from such payment on the ground that such costs were not such a lien on the lands as he was required to pay from the money realized.

This answer tacitly admits that the costs included in

such judgment were $50.00.   There was therefore some evidence of the amount of such costs.

In *Ryker, Admr.,* v. *Vawter,* 117 Ind. 425, it was held that when lands are sold by an administrator free from the encumbrances thereon, the moneys realized must be first applied to the payment of such liens.   The question here arises whether or not the costs of the foreclosure proceedings were such a lien upon the lands that must be discharged by the moneys realized from the sale.

Costs are the expenses of an action recoverable from the losing party.   The practice is to include them in the judgment.

The costs of the foreclosure proceeding were therefore a lien upon the lands at the time the administrator procured the order to sell, and it was his duty to pay them out of the moneys realized from the sale.

Judgment reversed, with instruction to sustain the motion for a new trial.

Filed April 1, 1896.