## HILDEBRAND v. KINNEY, ADMINISTRATOR.

[No. 21,429.    Filed March 19, 1909.    Rehearing denied June 9, 1909.]

1. LIMITATION OF ACTIONS.—*Accounts Against Decedents' Estates.* —*Whether Statute Tolls Pending Appointment of Administrator.* —Accounts against a decedent's estate for medical services and for an invalid chair are governed by the six-year statute of limitations (§294 Burns 1908, cl. 1, §292 R. S. 1881), and the death of the decedent does not toll the statute, such creditor having the legal right to procure the appointment of an administrator (§§2742, 2744 Burns 1908, Acts 1901, p. 281, §2229 R. S. 1881). pp. 450, 455.

2. LIMITATION OF ACTIONS.—*Funeral and Burial Expenses.—Decedents' Estates.*—Claims against a decedent's estate for the expenses and burial of decedent are not barred by the statute of limitations, but are payable the same as the expenses of administration.  pp. 451, 454.

3. DECEDENTS' ESTATES.—*Debts.—Order of Payment.*—Under §2901 Burns 1908, §2378 R. S. 1881, claims for funeral and burial expenses are preferred over ordinary claims against the decedent. p. 451.

4. LIMITATION OF ACTIONS.— *Taxes.— Decedents' Estates.—* Tax claims against a decedent's estate are not barred by the statute of limitations, though the taxes were assessed upon decedent's omitted property after an order for final settlement had been entered.   p. 452.

5. DECEDENTS' ESTATES.—*Claims.—Priority.—Liens.—Funeral Expenses.*—Specific liens on decedent's property have priority over the payment of the expenses of the administration of his estate and the funeral expenses.  p. 452.

6. DECEDENTS' ESTATES.— *Monuments.— Liability for.—* Heirs or third persons have the right to erect a suitable monument to the ancestor and charge the cost thereof to the ancestor's estate. p. 452.

7. DECEDENTS' ESTATES.—*Debts.—Classification.*—The legislature classified the charges against the estates of decedents, and the

rule of priority is the same whether the estate be solvent or insolvent. p. 453.

8. DECEDENTS' ESTATES.— *Settlement.*— *Statutes.*— *Equity.*— The settlement of decedents' estates, where no statute is applicable, is governed by the principles of equity. p. 453.

9. DECEDENTS' ESTATES.—*Funeral and Burial Expenses.—Claims Against Decedent.—Jury Trial.*—Claims against a decedent's estate for funeral and burial expenses are triable by the judge, but claims arising out of contract, express or implied, with the decedent, are ordinarily triable by jury. p. 455.

10. DECEDENTS' ESTATES.—*"Creditor."*—*Statutes.*—The word "creditor," as used in §§2742-2744 Burns 1908, Acts 1901, p. 281, §§2228, 2229 R. S. 1881, providing for the issuance of letters of administration on decedents' estates, imports one whom the decedent owed. p. 455.

11. DECEDENTS' ESTATES.— *Administrators.*— *Appointment.*— After the lapse of twenty days from the death of a decedent, any creditor has the right to require the appointment of an administrator, and he, himself, is not required to accept such trust; but before the lapse of twenty days the largest resident creditor is entitled to the appointment, provided no one with a superior right has applied. p. 455.

12. DECEDENTS' ESTATES.— *Administrators.*— *Appointment.*— The proper officer should appoint an administrator for a decedent's estate, though no application is made therefor. p. 456.

13. DECEDENTS' ESTATES.—*Funeral and Burial Expenses.—Debts.— .Equity.*—Funeral and burial expenses of a decedent are not debts of his estate, but are charges imposed by law, and their collection is governed by equitable principles. p. 456.

From Marion Circuit Court (C. D. 8,384). *James A. Pritchard,* Judge *pro tem.*

Claim by Philip M. Hildebrand against Collie E. Kinney, as administrator of the estate of Jacob S. Hildebrand, deceased. From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court under §1394 Burns 1908, cl. 2, Acts 1901, p. 565, §10. *Reversed.*

*U. J. Hammond,* for appellant.
*Collie E. Kinney, in pro per,* for appellee.

MYERS, J.—Action by appellant against appellee administrator, upon a claim for expenses of the last sickness and funeral of Jacob S. Hildebrand, deceased, who died intestate,

June 2, 1898, insolvent, having no personal property or estate other than an undivided one-third interest in certain real estate which had, at the death of his wife, intestate, July 5, 1885, descended to her three children and to the decedent as her widower. The latter was a member of a copartnership which became insolvent in 1893, and against the members of which judgments were recovered, which copartnership, and its members, at the time of its failure, owed about $40,000 in excess of its assets, and the personal and private assets of the members.

Appellant procured a physician to render medical attention to the decedent, in his last sickness, and paid him on March 11, 1899, $40, which the court below found to be a reasonable charge. Appellant procured an undertaker to furnish, to the decedent, burial, and accessories thereto, and paid him on July 21, 1898, $194, which the court found to be a reasonable charge, and such burial and accessories were, as found by the court, not extravagant, but reasonable and proper, and in keeping with the decedent's station in life. Appellant procured a burial vault for the decedent, and paid therefor $45 on July 9, 1898, a reasonable charge, as found by the court. On the the day prior to decedent's death appellant procured an invalid chair for the use and comfort of the decedent, for which he paid $1.50, on August 8, 1908.

Appellee was appointed administrator of the estate of decedent on October 8, 1904, on the petition of judgment creditors of the copartnership. He qualified and is acting administrator, no other administration having ever been had on the estate. The real estate which descended from the wife of the decedent has been sold in a partition proceeding for the purpose brought by appellee, as administrator, against the three children of said wife, and appellee, as such administrator, holds one-third of the proceeds of such sale for the payment of debts of the decedent. The claim was filed De-

cember 13, 1905. The sole question presented arises upon the question of the applicability or nonapplicability of the six-year statute of limitations to this claim. The claim is readily divisible into two parts: one branch arising from professional services rendered to the decedent in his lifetime, and for an invalid chair for his use, both items accruing in the lifetime of the decedent, upon request of appellant, a son of decedent; the other branch, for the expense of the funeral, including a burial vault for the decedent, ordered and paid for by appellant.

It is insisted by appellant that though the physician's bill and the expense of the invalid chair were obligations accruing in the lifetime of the decedent, the six-year statute of limitations (§294 Burns 1908, cl. 1, §292 R. S. 1881) does not apply, for the reason that the statute did not begin to run until there was some one who could be sued. Appellee insists that when the statute begins to run it is not tolled by the death of a decedent, and that, as the statute (§§2742, 2744 Burns 1908, Acts 1901, p. 281, §2229 R. S. 1881) provides for a creditor's procuring the appointment of an administrator, the claim is barred. In this contention we think appellee is correct. As to the claim of appellant for money paid for the service of a physician and for an invalid chair, it was clearly an account within our statute requiring actions on accounts to be commenced within six years. Whether the expense was incurred at the request of the decedent, or solely upon request of appellant, or under his promise to pay it, if there was any liability upon the part of decedent to pay, either express or implied, the obligation and debt arose before his death, and the weight of authority is, that when the statute begins to run before the death of a decedent, in the absence of statutory provision, it is not suspended by death, or by the failure of appointment of an administrator. 18 Cyc., 930; 19 Am. and Eng. Ency. Law (2d ed.), 222; Wood, Limitations (3d ed.), §6. A claim or a debt which would be barred if the claim were

made by the original creditor or claimant would likewise be barred in the hands of a third person.

As to a claim for funeral expenses and burial, we think a different rule should and does apply. They are not debts of the decedent, hence not accounts against him or his 2.    estate, within the meaning of the statute of limitations. They can arise from no request or obligation of decedent, express or implied, unless it might be under the provisions of a will. They are liabilities or charges against his estate, raised up and imposed by law, as distinguished from obligations arising by some act or promise of the decedent. They stand in the same category as the expenses of administration. An administrator is a trustee for the payment of funeral expenses, because they are impositions of the law, precisely and for the like reasons that he is a trustee for the persons who are entitled to the distributive shares of an estate by virtue of the statute of descents, or for creditors of the estate proper. *Raugh* v. *Weis* (1894), 138 Ind. 42, 45; *Smith* v. *Calloway* (1844), 7 Blackf. 86, 89.

Prior to 1883, in case of solvent estates, expenses of administration were in the first class, in the order of payment, and expenses of the last sickness and the funeral con- 3.    stituted the second class, and in case of insolvent estates payments were made in the same order pro rata among the designated classes. 2 R. S. 1876, pp. 534, 540. Society and the public health require the decent disposition of the bodies of the dead, and this is so far recognized by our statute that funeral expenses are required to be paid before other claims, which are properly obligations of the deceased. *Patterson* v. *Patterson* (1875), 59 N. Y. 574, 17 Am. Rep. 384; *Genet* v. *Willock* (1904), 87 N. Y. Supp. 939, 93 Hun, App. Div., 588; *Gregory* v. *Hooker's Admr.* (1821), 1 Hawks (N. C.) 394, 9 Am. Dec. 646; *Phillips* v. *Phillips* (1895), 87 Me. 324, 32 Atl. 963. Our statute recognizes the distinction between debts of the decedent and liabilities of his estate, in the provision for distribution, as

follows: "The debts and liabilities of a decedent, shall, if his estate be solvent, be paid in the following order of classes." §2901 Burns 1908, §2378 R. S. 1881.

Claims for funeral expenses are held in New York not to be the subject of reference, as "in case of claims accruing in his lifetime, against the estate of the decedent, or after death from a prior contract." *Genet* v. *Willock, supra.*

This court has declared that taxes, a liability imposed by law, and the fourth item of the classification in the order of distribution, are not barred, though the claim arose

4.    for taxes upon omitted property, where the taxes were not assessed until after an order of final settlement had been duly entered; whereas, had they been debts proper of the decedent, they would have been barred. *Graham* v. *Russell* (1899), 152 Ind. 186. Nor did they become taxes, though assessed for years prior to the death of the decedent, until placed upon the duplicate. *Gallup* v. *Schmidt* (1900), 154 Ind. 196.

It is held that where it requires the entire proceeds of property to discharge a lien created by a decedent, and the estate is insolvent, no part of that fund can be applied

5.    to the. expense of administration, or for funeral or last sickness of the decedent, thus placing these classes on an equality. *Ryker* v. *Vawter* (1889), 117 Ind. 425. And this has been held to be true as to the costs of foreclosure of a mortgage, the estate being insolvent. *Connecticut Mut. Life Ins. Co.* v. *Hobbs* (1896), 14 Ind. App. 681. In case of solvent estates, as an incident of burial, a tombstone or monument may be erected by the

6.    heirs, and must be paid for by the administrator. *Pease* v. *Christman* (1902), 158 Ind. 642. The law imposes the duty of burial of the dead, and it is not an obligation arising out of contract, any more than a judgment is a contract; and, where the duty exists, it may be discharged by kindred, or by third persons, and the law imposes the charge upon the estate. *Patterson* v. *Patterson,*

*supra; Rappelyea* v. *Russell* (1862), 1 Daly 214; *Parker* v. *Lewis* (1828), 2 Dev. (N. C.) 21; *Allen* v. *Allen* (1884), 3 Dem. Surr. 524; *In re Miller* (1880), 4 Redf. 302; *McCue* v. *Garvey* (1878), 14 Hun 562; *France's Estate* (1874), 75 Pa. St. 220; *Sullivan* v. *Horner* (1886), 41 N. J. Eq. 299, 7 Atl. 411; Wentworth, Executors (Ingraham's ed.), 258. In New Jersey, judgments against a decedent in his lifetime, funeral charges and expenses, and physician's bills in last sickness, are classed together by statute, as having preference; but in *Sullivan* v. *Horner, supra,* the court gave preference to the funeral expenses over the judgment, upon the theory that the law imposes the duty of burial to the exclusion of the judgment, the estate being insolvent.

We think that the legislature intended to classify the charges against the estates of decedents, and that the rule is not different with respect to solvent and insolvent

7. estates, unless specific liens absorb the property, and that this classification as to expenses of administration, and expenses of the funeral of the decedent, is an arbitrary one, applicable to those charges which are not debts in the general sense of the word. We are further justified in this view for the reason that, though taxes are a lien, they are postponed in distribution to the expenses of the last sickness, a strict debt, created in the lifetime of the decedent, and no different rule is provided whether the estate be solvent or insolvent.

The expenses of administration and of the funeral of the deceased are nearly allied to the expenses of the execution of a trust, liabilities not imposed by contract, but by

8. general principles of public policy. The settlement of estates is had under the equitable powers of our circuit courts, when not directed by statute. *Pease* v. *Christman, supra; Langsdale* v. *Woollen* (1889), 120 Ind. 78; *Dehart* v. *Dehart* (1860), 15 Ind. 167; *Powell* v. *North* (1852), 3 Ind. 392, 56 Am. Dec. 513.

We think the six-year statute of limitations can no more

be interposed to a claim for funeral expenses than to the costs of administration, and it will hardly be claimed

2. that a statute as to accounts can apply to such charges, which do not arise from contract, but by statute. §2918 Burns 1908, §2396 R. S. 1881; *Pollard* v. *Barkley* (1889), 117 Ind. 40. Nor are funeral expenses different from costs of administration, because incurred before administration; for, when the appointment is made, it relates back to the death of the decedent for the purpose of preserving any rights in favor of the estate, and one of the rights, as we have seen, is that of Christian burial. *Whitehead* v. *Taylor* (1839), 10 A. & E. 210; *Gilkey* v. *Hamilton* (1871), 22 Mich. 283; *Pinkham* v. *Grant* (1886), 78 Me. 158, 3 Atl. 179. The case of *Hanna* v. *Jeffersonville R. Co.* (1869), 32 Ind. 113, lends no support to appellee's contention, because that case is grounded upon a special cause of action, which did not exist at common law, and the rule is a familiar one, that where one claims under a special statute he must show that he comes within it. If he desires to make avail of such statutory right, he must take the steps affirmatively to secure the right conferred, by the appointment of an administrator, if necessary.

It is contended that appellant's claim is barred by reason of the statute's giving a creditor the right to take letters upon an estate. §§2742, 2744 Burns 1908, Acts 1901, p. 281, and §2229 R. S. 1881. There are many cases holding that though this is a right, it is not a duty, and until administration is had the statute does not begin to run against claims arising after death. 18 Cyc., 929; *Miller* v. *Surls* (1856), 19 Ga. 331, 65 Am. Dec. 592, and notes; *Hibernia, etc., Society* v. *Boland* (1904), 145 Cal. 627, 79 Pac. 365; *In re Bullard* (1897), 116 Cal. 355, 48 Pac. 219; *M'Collough* v. *Speed* (1826), 3 McCord *455.

The probate court has jurisdiction to determine what are reasonable expenses of administration, and for the funeral

of the decedent, *sua sponte*, and without a jury, while as to debts arising from an express or implied contract with the decedent, there is a right of trial by jury, clearly referring those charges to the equitable powers of the court, as in case of any other trust relation.

The statute (§§2742-2744 Burns 1908, Acts 1901, p. 281, §§2228, 2229 R. S. 1881), it will be noted, uses the term creditor, evidently in the usual acceptation, as one whom the decedent owed. If it can be conceded that one who has incurred the expense of the burial of a decedent may procure the appointment of an administrator, it would not be, by virtue of the statute, as a creditor, but under the equitable powers of the court, in order to collect his charges. It will be seen by §2742, *supra*, clause four, that the duty is imposed by law of appointing, irrespective of application by a creditor, and, taking §§2742, 2744, *supra*, together, the true rule, giving due weight to all parts of the statute, is this: That if the statute has begun to run at the time of the death, and a creditor desires to prevent his claim from being barred, he must procure the appointment. That is a matter of his choice. If he is the largest creditor applying within twenty days of the death, and resides in this State, he is entitled to have letters issued to him, unless those having a prior right apply. If no appointment or application is made within the twenty days, then the court or clerk must appoint one who may be other than the creditor. The creditor applying within the twenty days signifies his willingness to assume the duties and obligations of the trust, and he must be appointed if otherwise within the statute; but after the twenty days he may procure an appointment without assuming any such obligations himself, by placing upon the court or clerk the duty of appointing "a competent inhabitant of the county," as a duty imposed by express statute. We see no good reason why it

is not as much the duty of the heirs or others interested to procure the appointment of an administrator, and thus set the statute to running when it has not begun to run, as it is of a creditor against whom the statute for any cause has not begun to run; for whether or not the debt be due, it must be filed or be barred. §2828 Burns 1908, Acts 1883, p. 151, §5. There is as much reason for titles' being put at rest by proceedings to settle estates as there is that creditors be diligent about their claims. They may not prefer to take upon themselves the obligations and hazards incident to the collection of the assets of an estate and their proper distribution. But the legislature evidently contemplated that an appointment should be made as of course, as of a duty imposed by law, irrespective of application by any one. We are confirmed in this view by the section of the statute (§300 Burns 1908, §298 R. S. 1881) which extends the time for bringing an action, not fully barred at death, eighteen months from death. *Knippenberg* v. *Morris* (1881), 80 Ind. 540.

That section was evidently enacted in the interest of creditors proper, in order that proper time might intervene to enable them to protect their rights. We, however, do not base this opinion upon the statute applicable to creditors proper, or those having claims which accrued before death, but upon the broader ground that the reasonable expenses of the funeral and burial of a decedent are not debts of the decedent, but charges against the estate, and imposed by law, as incidents of the settlement of estates, on equitable principles and grounds of public policy. *Clark* v. *Sayre* (1904), 122 Iowa 591, 98 N. W. 484; *In re Mahoney's Estate* (1902), 75 N. Y. Supp. 1056, 37 Misc. (N. Y.) 472; *Brown* v. *McGee's Estate* (1903), 117 Wis. 389, 94 N. W. 363; *Sweeney* v. *Muldoon* (1885), 139 Mass. 304, 31 N. E. 720, 52 Am. Rep. 708; *Fogg* v. *Holbrook* (1895), 88 Me. 169, 33 Atl. 792, 33 L. R. A. 660; *O'Reilly* v.

*Kelly* (1900), 22 R. I. 151, 46 Atl. 681, 50 L. R. A. 483, 84 Am. St. 833.

If there is delay in the appointment of an administrator, or delay in settlement, the statutory power of appointment in the one case, and the equity powers of the court over the subject in the other, may be invoked. A relative, or a stranger who is placed in a position in which the duty is imposed of seeing to it that burial is made, may recover the reasonable expense attendant thereon, by procuring administration at any time, or by requiring settlement to be made. Under these views the court below was in error in its conclusions of law.

The judgment is reversed, with instructions to the court below to restate its conclusions of law, and refuse the claims accruing before death, and allow for the funeral and burial expenses, and award the costs against the decedent's estate.