ABBOTT, ADMINISTRATRIX ETC. *v.* DEPARTMENT
OF PUBLIC WELFARE ET AL.

[No. 30,144. Filed April 8, 1963.]

*Hubert E. Wickens* and *Wickens & Wickens,* of counsel, of Greensburg, for appellants.

*Edwin K. Steers,* Attorney General, *Gordon R. Medlicott,* Deputy Attorney General, and *Ronald Beard,* of Greensburg, for appellees.

JACKSON, C. J.—This is an appeal from a judgment of the Decatur Circuit Court determining the priority of claims in a decedent's estate; it also involved expenses of decedent's funeral and Welfare Department claims.

The issues, which were tried to the court without the intervention of a jury, were formed by the administratrix's petition for allowance of claims and instructions, and the answer and objection of the State Department of Public Welfare. In the interest of time and brevity we set out the petition and the answers and objection, omitting therefrom the formal parts thereof.

### "PETITION FOR INSTRUCTIONS AS TO PAYMENT OF CLAIMS.

"The undersigned administratrix respectfully shows the Court that as such administratrix she received the following assets:

| | |
|---|---|
| "Balance in checking account Union Trust Company, Greensburg, Indiana | $244.54 |
| Colected (sic) on judgment Rush Circuit Court | 1818.00 |
| Social Security, death benefit | 99.00 |
| | $2161.54 |

"That in the course of this administration she has paid the following claims:

"Oliger-Pearson Funeral Home,
 funeral account                              $761.33
Decatur County Memorial Hospital,
 account                                         28.70
Dr. D. D. Dickson, account                       10.00
Smith Monument Works, marker                     35.00
James Foster, attorney fees obtaining
 judgment in Rush Circuit Court                 606.00
Clerk, Decatur Circuit Court, costs              21.85
                                              $1462.88

That there remains for payment of costs of administration and other claims filed, the balance of $698.66.

"That the Rush County Department of Public Welfare has filed a claim for $1672.42, for assistance furnished decedent; that the Decatur County Department of Public Welfare has filed a claim for medical care and treatment furnished decedent in the amount of $483.90; and Emmert Pumphrey of the Cemetery Association of Milford has filed a claim for $38.00. That the said Departments of Public Welfare contend they are entitled to all of the proceeds of said estate subject to the payment of the matters heretofore paid except that the administratrix, in accordance with the contention of said departments of public welfare is entitled to a credit in the amount of $200.00 only for funeral expenses.

"That this administratrix believes that all of said payments as herein outlined should be approved and that the Departments of Public Welfare is entitled only to the balance above after payment of expenses of administration.

"WHEREFORE, said administratrix asks that after due notice to said Departments of Public Welfare this matter be heard and determined and this administratrix instructed as to how much said departments of public welfare are entitled to in this administration."

"OBJECTION TO ALLOWANCE AND PAYMENT OF CLAIMS.

"Now comes the State Department of Public Welfare of Indiana by Edwin K. Steers, Attorney

General, and Gordon R. Medlicott, Deputy Attorney General, and raises its formal Objection To the Allowance or Payment of Claims in the above entitled cause which are not in strict compliance with the Public Welfare Act of Indiana, and says:

"1. That the Administratrix in this estate has filed an instrument entitled 'Petition for Instructions As to Payment of Claims,' which instrument sets out and enumerates certain expenses of the estate.

"2. That during her lifetime, Lydia King was a recipient of Old Age Assistance under and in conformance with Acts 1936 (Spec. Sess.), Chapter 3, as amended, which act is commonly known as the Public Welfare Act.

"3. That recipients of Old Age Assistance under the Public Welfare Act and the estates of such recipients are subject to strict compliance with the provisions of said Act, one of which provisions is contained in Section 45 and found in Burns Annotated Indiana Statutes, 1959, Supp., Sec. 52-1214, and that said provision reads as follows:

'Any claim filed for recovery of aged assistance shall have priority in order of payment from the estate over all other claims, except prior recorded encumbrances, taxes, reasonable costs of administration, and funeral expenses in an amount not to exceed $200.00.'

"4. That all claims in this cause must be allowed or disallowed in strict compliance with Section 45 of the Public Welfare Act; and that the claim of the Department of Public Welfare of the State of Indiana and the Decatur County Department of Public Welfare has priority and order payment over all other claims as described and set forth in the said Section 45.

"WHEREFORE, The Department of Public Welfare of the State of Indiana prays that this court allow the payment of claims in this cause in such manner that the claim filed for recovery of aged assistance shall have priority in order of payment from the estate over all other claims,

except prior recorded encumbrances, taxes, reasonable costs of administration, and funeral expenses in an amount not to exceed $200.00."

Thereafter, on May 28, 1960, the court entered the following order:

"And now the court having heard evidence and being advised, finds that during the lifetime of Lydia King, she was a recipient of old age assistance under and in conformity with the Acts of 1936, Chapter III as amended, which Act is known as Public Welfare Act. That the administrator is now directed to allow the payments of claims against said estate in the following manner. That the claim of the Department of Public Welfare of the State of Indiana, and the Decatur County Department of Public Welfare has priority over all the claims, except prior recorded encumbrances, taxes, reasonable costs of administration and funeral expenses in an amount not to exceed $200.00, and the claim of the Decatur County Memorial Hospital in the sum of $28.70, Dr. D. D. Dickson account in the sum of $10.00, Smith Monument Works for a marker in the sum of $35.00, James Foster for attorney fees in obtaining judgment in the Rush Circuit Court for the sum of $606.00, and the Clerk of the Decatur Circuit Court for costs in the sum of $21.85. The Court further finds that the Decatur County Public Welfare Department has a claim in the amount of $483.90 for expenses of last illness, which is prior to that of the Rush County Department of Public Welfare in the sum of $1,672.42. Judgment accordingly."

Thereafter, on July 27, 1960, petitioner filed her motion for a new trial on the following grounds:

"1. The finding of the court is not sustained by sufficient evidence.
"2. The finding of the Court is contrary to law.
"3. The decision of the court is contrary to law."

On June 27, 1961, appellant's motion for a new trial was overruled, and this appeal followed. Appellant's sole assignment of error is:

"1. The Decatur Circuit Court erred in overruling Appellants' motion for a new trial."

The gist of the controversy to be here determined, is whether or not the appellant administratrix was, as a matter of law, limited to the expenditure of no more than two hundred dollars [$200.00] for decedent's funeral, as provided by Acts 1936, (Spec. Sess.), ch. 3, §45, as added by Acts 1947, ch. 144, §3, p. 447; 1953, ch. 153, §2, p. 542, being §52-1214, Burns' 1962 Cum. Supp.; or whether such administratrix, under the provisions of §1409 of the Probate Code [Acts 1953, ch. 112, §1409, p. 295; 1955, ch. 258, §5, p. 667, being §7-809, Burns' 1962 Cum. Supp.], had discretion to determine what constituted "reasonable funeral expenses."

Appellant alleges *inter alia*, that §45 of the Welfare Act, *supra*, as to decedent's estate, was repealed by implication on adoption of the Indiana Probate Code. Acts 1953, ch. 112, §102, p. 295, being §6-102, Burns' 1953 Replacement.

Section 1409 of the Probate Code was amended in 1955 [Acts 1955, ch. 258, §5, p. 667, being §7-809, Burns' 1962 Cum. Supp.], and in pertinent part reads as follows:

"All claims and allowances shall be classified in one [1] of the following classes. If the applicable assets of the estate are insufficient to pay all claims and allowances in full, the personal representative shall make payment in the following order:
"1. Costs and expenses of administration.
"2. Reasonable funeral expenses.

"3. Allowance made to the surviving widow and children of the decedent.

"4. All debts and taxes having preference under the laws of the United States.

"5. Reasonable and necessary medical expenses of the last sickness of the decedent, including compensation of persons attending him.

"6. All debts and taxes having preference under the laws of this state; but no personal representative shall be required to pay any taxes on any property of the decedent unless such taxes are due and payable before possession thereof is delivered by the personal representative pursuant to the provisions of this code.

"7. All other claims allowed.

"No preference shall be given in the payment of any claim over any other claim of the same class, nor shall a claim due and payable be entitled to a preference over claims not due."

In reading §1409, *supra,* several matters are of importance.

1. It applies not only to claims, but also to allowances.

2. Reasonable funeral expenses are of greater priority than any other items except costs of administration.

3. A particular classification is set up for "debts and taxes having preference under the laws of this State." Such classification is sixth.

By particularly classifying debts having preference under the laws of this State, the legislature subordinated a welfare lien to a place after the payment of what the court may determine to be "reasonable funeral expenses." Specific mention of debts having preference is a repeal by implication of Section 45 [§52-1214, Burns' 1962 Cum. Supp. ] of the Welfare Act.

Our courts have never treated funeral expenses as services rendered a decedent in his lifetime.

Funeral expenses are a preferred claim second only to expenses of administration.

On that subject is has been said:

"As to a claim for funeral expenses and burial, we think a different rule should and does apply. They are not debts of the decedent, hence not accounts against him or his estate, within the meaning of the statute of limitations. They can arise from no request or obligation of decedent, express or implied, unless it might be under the provisions of a will. They are liabilities or charges against his estate, raised up and imposed by law, as distinguished from obligations arising by some act or promise of the decedent. They stand in the same category as the expenses of administration. ..." *Hildebrand* v. *Kinney* (1909), 172 Ind. 447, 451, 87 N. E. 832.

The Probate Code, enacted for the protection of the public, the fiduciaries and persons having claims against an estate and heirs, is an act to control all probate proceedings in the State of Indiana. The 1955 amendment of the Probate Code directing the payment of "reasonable funeral expenses" authorizes and directs the personal representative to incur such expenses, so long as the same remain reasonable, and makes no effort to fix the amount. Such amendment, also by implication, repeals the part of the Welfare Act in conflict with the Probate Code.

It is further to be observed that the wording of the Probate Code expressly provides direct priority for certain matters; and in exact language as to the classification of priorities after costs of administration, reasonable funeral expenses, allowance to the surviving widow, priority under the law of the United States and medical expenses, it then requires pay-

ment of "all debts and taxes having preference under the laws of this state."

We are of the opinion that in the case at bar the administratrix was entitled to use her discretion in determining what constituted "reasonable funeral expenses."

The judgment of the trial court is reversed, and the cause is remanded with instructions to grant appellants' motion for a new trial and for further proceedings not inconsistent with this opinion.

Other questions raised in this appeal will probably not arise on the new trial and are not here decided.

Achor, Arterburn, Myers and Landis, JJ., concur.

NOTE.—Reported in 189 N. E. 2d 417.