THELMA R. RICHARDSON, ANCILLARY ADMINISTRATRIX OF THE ESTATE OF ELMER RAY RICHARDSON, DECEASED v. ROBERT W. RICHARDSON.

[No. 2-474A79. Filed April 12, 1976.]

*Robert S. Webb*, of Noblesville, for appellant.

*Stephen D. Clase, Busby, Austin, Cooper & Farr*, of Anderson, for appellee.

WHITE, J.—This appeal is from a judgment allowing a claim against a decedent's estate, the administration thereof having been commenced more than three years after decedent died. Because the claim was barred by Ind. Ann. Stat. § 29-1-14-1(d), we reverse.

Elmer Ray Richardson, a resident of the State of Florida who owned real property in Madison County, died intestate in Florida on October 15, 1969. His widow (Thelma) was appointed administratrix of decedent's Florida estate on October 21, 1969. On April 25, 1973, upon Thelma's petition, ancillary administration was opened in Madison County with Thelma again appointed administratrix. By July 18, 1973, the real property had been sold for $5,000.00 and Thelma

had been awarded the sum of $2,402.32 as reimbursement for expenditures made in the repair and maintenance of the property and for the expenses of administration.

On May 14, 1973, the decedent's son (Robert) filed a claim against the estate for expenses he had incurred for decedent's funeral.[1] The claim was transferred to the trial docket on July 17, 1973. Thelma's motion to dismiss premised on Ind. Ann. Stat. § 29-1-14-1 (Burns Code Ed.) was overruled. A hearing was had on Robert's claim and the Court entered judgment allowing that claim.

Thelma does not contest the merit of Robert's claim in this appeal[2] but argues that, whatever its merit, it should have been disallowed because it was filed too late. She relies on Ind. Ann. Stat. § 29-1-14-1 (Burns Code Ed.),[3] which provides in pertinent part:

"(a) All claims against a decedent's estate, other than expenses of administration and claims of the United States, and of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent, unless filed with the court in which such estate is being administered within six [6] months after the date of the first published notice to creditors.

\* \* \*

"(d) All claims barrable under the provisions of subsection (a) hereof shall, in any event, be barred if administration of the estate is not commenced within one [1] year after the death of the decedent."

The above statute has been held to be an absolute bar to nonexcepted claims not filed within the time limits therein

---

1. A similar claim had been filed against the Florida estate and was still pending. It appears that the Florida estate would be insufficient to satisfy the claim were it to be allowed.

2. At trial she attempted to show that a $10,000 bank account opened by decedent in Florida in the names of decedent and Robert, jointly, was intended by decedent to provide for his funeral expenses.

3. Thelma posits an additional argument based on § 29-1-7-15 which we need not consider.

provided. *Quinlan* v. *Glissman* (1968), 142 Ind. App. 1, 232 N.E.2d 384, 12 Ind. Dec. 362;[4] *Kuzma* v. *Peoples Trust and Savings Bank* (1961), 132 Ind. App. 176, 176 N.E.2d 134.

Robert would avoid the bar of that statute with the argument that funeral expenses are expenses of administration which have priority under Ind. Ann. Stat. § 29-1-14-9 (Burns Code Ed., 1972) which reads in pertinent part:

> "All claims and allowances shall be classified in one [1] of the following classes. If the applicable assets of the estate are insufficient to pay all claims and allowances in full, the personal representative shall make payment in the following order:
>
> "1. Costs and expenses of administration.
>
> "2. Reasonable funeral expenses: Provided, That in any estate in which the decedent was a recipient of public assistance under 'The Welfare Act of 1936,' the amount of funeral expenses having priority over any claim for the recovery of public assistance shall not exceed the limitations provided for under sections 45, 69 and 82r [12-1-6-19, 12-1-7-46, 12-1-19-1; Burns' §§ 52-1214, 52-1238, 52-1251r] of 'The Welfare Act of 1936,' as amended or as superseded by replacement."

Robert's argument is based mainly on *Hildebrand* v. *Kinney* (1909), 172 Ind. 447, 87 N.E. 832. In *Hildebrand* the decedent's son had satisfied various medical and medical supply bills connected with decedent's final illness, and had also paid for decedent's funeral. Decedent died intestate in 1898. In 1904 a creditor of decedent petitioned that decedent's estate be opened and he be appointed administrator, which petition was granted. In December, 1905, the son filed his claim for the medical, medical supply, and funeral expenses. The claim for medical and medical supplies expenses was denied; the claim for funeral expenses allowed. In reaching that decision the court used language that would support Robert's contention (e.g., "They [funeral expenses] stand in the same category as the expenses of administration." [172 Ind. at

---

4. In *Quinlan*, as at bar, the Indiana administration was apparently ancillary to administration in another state.

451]). Robert also correctly notes that a preference statute similar to § 29-1-14-9 was in effect at the time and was considered by the *Hildebrand* court.

The difficulty with applying *Hildebrand* to the present case is that *Hildebrand* was decided on the basis of Acts of 1881 (Spec. Sess.), ch. 38, § 37, cl. 1 (now Ind. Ann. Stat. § 34-1-2-1 [Burns Code Ed.]), a general statute of limitations on accounts and contracts not in writing, rather than on a non-claim statute similar to § 29-1-14-1. ". . . if there was any liability upon the decedent to pay [medical expenses], either express or implied, the obligation and debt arose before his death, and the weight of authority is, that when the statute begins to run before the death of a decedent, in the absence of statutory provision, it is not suspended by death, or by the failure of appointment of an administrator." (172 Ind. at 450.) Funeral expenses, on the other hand, "are not debts of the decedent, hence not accounts against him or his estate, within the meaning of the statute of limitations."

It should also be noted that the claim for medical expenses was timely filed in terms of the then governing non-claim statute. Acts of 1881 (Spec. Sess.), ch. 45, § 86, as amended, the same being Ind. Ann. Stat. § 6-1001 (Burns, 1933), provided in pertinent part:

> "No action shall be brought by complaint and summons against the executor or administrator of an estate for the recovery of any claim against the decedent, but the holder thereof, whether such claim be due or not, shall file a succinct and definite statement thereof in the office of the clerk of the court in which the estate is pending; . . . if such claim be filed after the expiration of six [6] months from the giving of notice by the executor or administrator of his appointment, it shall be prosecuted solely at the cost of the claimant, and if not filed at least thirty [30] days before final settlement of the estate, it shall be barred, except as hereinafter provided in case of liabilities of heirs, devisees, and legatees."

It should be further noted that the above non-claim statute

would not apply to funeral expenses since, as classified by *Hildebrand*, they are not a "claim against the decedent."

In 1953 the General Assembly enacted the Probate Code (so named in its first section), Acts of 1953, ch. 287, presently codified as Ind. Ann. Stat. 29-1 (Burns Code Ed.), including § 29-1-14-1, set out in part above. In relation to the case at bar, there are two apparent differences between the present non-claim statute and the one existing at the time *Hildebrand* was decided:

1. The present statute has a separate time limitation that begins with the death of the decedent in addition to a time limitation that begins with the opening of an estate;

2. The present statute applies to claims against the decedent's estate, unless specifically excepted, as well as claims against the decedent.

Funeral expenses are unquestionably a claim against a decedent's estate. Ind. Ann. Stat. § 29-1-14-9 (Burns Code Ed.), *supra*. However, they have never been considered a cost of administration. See, for example, *Abbott* v. *Dept. of Public Welfare* (1963), 243 Ind. 596, 602, 189 N.E.2d 417, wherein the court, in analyzing § 29-1-14-9, said: "Reasonable funeral expenses are of greater priority than any other items except costs of administration."

Robert's claim was not filed within one year following decedent's death. It was therefore barred by virtue of Ind. Ann. Stat. § 29-1-14-1, and Thelma's motion to dismiss should have been granted.

The judgment is reversed and the cause is remanded to the Superior Court of Madison County for further proceedings consistent with this opinion.

Sullivan, J., concurs.

Robertson, C.J., participating by designation, concurs.

NOTE.—Reported at 345 N.E.2d 251.