**IRWIN UNION BANK & TRUST COMPANY, Administrator of the Estate of Eva Arnholt Franklin, Deceased, Otto F. Schug, Successor Administrator of the Estate of Blanche O. Williams, Deceased, Appellants,**

v.

**BARKES, INLOW & WEAVER FUNERAL HOME, INC., Appellee.**

No. 1-983A288.

Court of Appeals of Indiana, First District.

April 23, 1984.

Otto F. Schug, Columbus, for appellants.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Successor Administrator-appellant Otto F. Schug (Administrator) appeals from an adverse ruling of the Bartholomew Circuit Court in favor of claimant-appellee Barkes, Inlow & Weaver Funeral Home, Inc. (Funeral Home) which sought payment of interest charges as part of reasonable funeral expenses in two estates.[1]

We affirm.

## STATEMENT OF THE FACTS

Both the Franklin and Williams estates lacked cash assets to pay administrative expenses, funeral bills and other debts. However, both estates had real estate valued in excess of all their debts. The Funeral Home filed a claim in each estate for the amount of the funeral bill, plus interest. The claim in the Franklin estate was in the amount of $2,379.98 plus interest, and the claim in the Williams' estate was for $1919.26, plus interest. In both cases, the Administrator paid the funeral bill, less interest, after the sale of the real estate. Upon order of the trial court, the Administrator was required to pay interest on the funeral expenses in both estates.

## ISSUE

The sole issue for review is whether interest is chargeable against a decedent's estate as a reasonable funeral expense.

## DISCUSSION AND DECISION

Basically, the Administrator argues[2] that the court abused its discretion in awarding interest as the Indiana Probate Code does not specifically include interest under "reasonable funeral expenses". IND.CODE 29–1–14–9. Although the Funeral Home has not filed an appellee's brief, we shall decide the appeal on the merits.

In *Fort Wayne National Bank v. Scher*, (1981) Ind.App., 419 N.E.2d 1308, 1312, the court faced the issue of reasonable funeral expenses in relation to the value of a decedent's estate, and said:

"In the absence of any statutory restriction to the contrary, the amount to be allowed against the estate of a decedent for funeral expenses is as a general rule a matter to be left, under all the circumstances in each particular case, to the sound discretion of the trial court. In determining whether an amount claimed is reasonable, the court should consider the necessity for the amount expended or incurred, the reasonableness of the price charged for the articles or services, and the decedent's rank or condition in life, as well as the value of the estate. *Pease v. Christman* (1902), 158 Ind. 642, 64 N.E. 90."

---

1. This is a consolidated appeal involving the estates of Eva Arnholt Franklin, deceased, and Blanche O. Williams, deceased, on the identical question: is interest chargeable as a reasonable funeral expense?

2. In presenting his argument, the Administrator embarks on a wide variety of topics, including the death orientedness of most religions of the world, the funerary practices of ancient Egypt, and claim procedures under the Federal Bankruptcy Code. None of these discussions bears on the principal issue on appeal stated above.

In the case at bar, we are asked to decide whether interest charges on a funeral bill are reasonable funeral expenses as provided under IND.CODE 29–1–14–9. We believe they are. In both estates, the Funeral Home's claims were timely filed, and the trial court granted the request for payment of interest. Both estates had been unable to pay funeral expenses until the sale of the decedents' real estate. In both estates, the Funeral Home incurred the funeral expense in 1981, and did not receive payment, less interest, until mid-1983, nearly two years after accrual of the claim.

Indiana cases long have held that funeral expenses are preferred over ordinary claims against a decedent's estate. *Pease v. Christman*, (1902) 158 Ind. 642, 64 N.E. 90; *Scher, supra,* and *Richardson v. Richardson,* (1976) 168 Ind.App. 658, 345 N.E.2d 251. IND.CODE 29–1–14–9 classifies the payment of reasonable funeral expenses as second only to the costs and expenses of administration. Interest charges amounted to $297.46 in the Franklin estate and $195.60 in the Williams estate.

Under IND.CODE 24–4.6–103(b) prejudgment interest is allowable "from the date an itemized bill shall have been rendered and payment demanded on an account stated...". Prejudgment interest is computed from the time the principal amount was due and is allowable at the permissible statutory rate. *Town and Country Mutual Insurance Co. v. Savage*, (1981) Ind. App., 421 N.E.2d 704. Here, the amount of the funeral claims in both estates was readily ascertainable and the trial court properly computed the interest due. *See Nationwide Mutual Insurance Co. v. Neville*, (1982) Ind.App., 434 N.E.2d 585.

The Probate Code is silent upon the matter of interest charges accrued on claims against a decedent's estate; however, as the assessment of reasonable funeral expenses is generally left to the sound discretion of the trial court, and in light of the prejudgment interest statute cited above, we hold that the inclusion of interest on such expenses is also a matter within the court's discretion.

Judgment affirmed.

ROBERTSON and RATLIFF, JJ., concur.