Evans, Adm'r, *et al. v.* Pence.

No. 7939.

EVANS, ADM'R, ET AL. *v.* PENCE.

| 78 | 439 |
| 129 | 367 |
| 78 | 439 |
| 133 | 281 |

MORTGAGE.— *Foreclosure.— Decedents' Estates.— Heirs.— Consideration.— Pre-existing Debt.— Insolvency.*—In an action against the heirs and administrator of a deceased mortgagor, to foreclose mortgages, answers that the mortgages were given to secure pre-existing debts, there being no new consideration therefor, and that the decedent's estate was insolvent, contain no defence.

SAME.—*Existing Indebtedness.— Privity.*—An existing indebtedness is a sufficient consideration to support a mortgage as between mortgagor and mortgagee. If obligatory upon the mortgagor in his lifetime, the mortgage is valid against those in privity with him by representation.

SAME.—*Insolvency of Estate.— Preferred Debts.*—Mortgages of a decedent were not invalidated by the insolvency of his estate; but under sections 108 and 109, 2 R. S. 1876, p. 534, were preferred debts as to the personalty.

SAME.—*Recording.*—That a mortgage was not recorded within the time prescribed by statute, is not a defence that can be made by the administrator and heirs of the deceased mortgagor.

From the Warren Circuit Court.

*J. McCabe*, for appellants.

*J. M. Rabb*, for appellee.

NEWCOMB, C.—This was an action by the appellee against the heirs and administrator of George Pence, deceased, to foreclose two mortgages executed by said George in his lifetime to the appellee. Both mortgages were upon the same tract of land, but were given at different dates. The first was to secure six promissory notes of said George, payable to the appellee, all of which were past due when the mortgage was executed. The second mortgage was to secure six additional notes, and also the notes mentioned in the first mortgage. Each mortgage contained a promise to pay the several notes secured thereby.

The administrator answered that the mortgages were given and executed without any consideration whatever; that the estate of George Pence was insolvent, and that to pay his debts it would be necessary to reduce all of said real estate to

assets for that purpose. Also that the mortgages were not recorded within forty-five days after their execution, nor until after the death of said mortgagor.

The record does not show that any reply was filed to these. answers, but, as the parties proceeded to trial upon them, they are to be deemed controverted as though a formal denial had been filed.

The cause was tried by the court, which found for the plaintiff, and rendered judgment of foreclosure accordingly, over a motion by the defendants for a new trial.

Two facts present the only questions discussed by the appellants, viz.:

1. That the mortgages were given to secure pre-existing debts, there being no new consideration therefor.

2. That the estate of George Pence was insolvent.

On these grounds the appellants ask for a reversal of the judgment.

Their argument against the validity of the mortgages is based on the doctrine asserted in *Busenbarke* v. *Ramey,* 53 Ind. 499, *Gilchrist* v. *Gough,* 63 Ind. 576, and other like cases, to the effect that one who takes a mortgage or collaterals to secure an antecedent debt, is not a purchaser for value as that term is used in the law, and that he takes such security subject to all outstanding equities, and to the equities of subsequent *bona fide* purchasers or encumbrancers, without notice.

But this rule is for the protection of the rights of third persons. As between debtor and creditor, it does not invalidate securities executed by the former. The existing indebtedness is a sufficient consideration to support the mortgage as between mortgagor and mortgagee. Jones Mortgages, sec. 611; *Cooley* v. *Hobart,* 8 Iowa, 359; *Usina* v. *Wilder,* 58 Ga. 178; *Moore* v. *Fuller,* 6 Oregon, 272; *Jewett* v. *Warren,* 12 Mass. 300.

It was held by this court in *Work* v. *Brayton,* 5 Ind. 396, *Nutter* v. *Harris,* 9 Ind. 88, *Wright* v. *Bundy,* 11 Ind. 398,

*McMahan* v. *Morrison,* 16 Ind. 172, and *Babcock* v. *Jordan,* 24 Ind. 14, that a precedent debt constitutes a valid consideration for a conveyance or mortgage. The doctrine announced in those cases has been modified by the subsequent cases of *Busenbarke* v. *Ramey* and *Gilchrist* v. *Gough, supra,* in favor of the equities of third parties; but we do not understand these later cases to hold that a debtor may avoid a conveyance or mortgage given for an antecedent debt, or if he has endorsed notes to his creditor as collateral security for a pre-existing debt, that he may at pleasure repudiate the transaction and reclaim such collaterals. See also *Robertson* v. *Cauble,* 57 Ind. 420. The administrator of George Pence was in privity with him by representation, and the mortgage was valid against him and the heirs of the decedent, if obligatory upon the latter in his lifetime. The fact that the estate of the decedent was insolvent could make no difference. The statute does not invalidate mortgages for that reason; on the contrary, it makes them preferred debts as to the personalty. 2 R. S. 1876, p. 534, sections 108, 109.

Nor did the failure of the mortgagee to record her mortgages within the statutory period furnish any defence to the appellants. Such failure would avoid the mortgages only as to subsequent purchasers, lessees or mortgagees in good faith and for a valuable consideration. 1 R. S. 1876, p. 365, sec. 16.

We find no error in the proceedings of the circuit court, and its judgment should be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be, and it is hereby, in all things affirmed, at the costs of the appellants.