No. 13,592.

RYKER, ADMINISTRATOR, *v.* VAWTER.

DECEDENTS' ESTATES.—*Sale of Real Estate.*—*Mortgage Lien.*—*Priorities.*—
*Adjudication.*—Where, in a proceeding by an administrator to sell real
estate to pay debts, which are not shown to be senior claims, a mortgagee,
by cross-complaint, asks the foreclosure of his mortgage, and it is ordered
that the mortgage be foreclosed as to part of the real estate embraced
therein, and that the remainder be sold by the administrator discharged
of liens, any deficiency in favor of the mortgagee to be paid by such ad-
ministrator, in its order of priority, upon the further order of the court,
no question of priority as between the mortgage and the debts for the
payment of which the land is asked to be sold is adjudicated.

SAME.—*Sale of Land Discharged of Liens.*—*Application of Proceeds.*—*Mortgage.*
—*Costs, Funeral Expenses, etc.*—One holding a mortgage executed by a
decedent upon real estate which an administrator is ordered to sell dis-
charged of liens, is entitled, under section 2435, R. S. 1881, to have the
entire proceeds of the sale applied to the payment of his mortgage debt,
if so much is necessary, to the exclusion of claims for costs of admin-
istration, funeral expenses and expenses of last sickness.

From the Jefferson Circuit Court.

*A. D. Vanosdol, H. Francisco, J. H. Bowden, R. Reid* and
*A. E. Richards,* for appellant.

*J. W. Link* and *C. E. Walker,* for appellee.

BERKSHIRE, J.—The court below sustained exceptions to
the partial report made by the appellant in settlement of his
trust, and this is an appeal from the order of the court in that
particular. The facts which are disclosed by the record are
about these:

That, on the 7th day of September, 1886, the administra-
tor filed his partial report, wherein he stated that there had
come into his hands the sum of $193.85, and that he had
paid out $118.84, leaving a balance still in his hands of
$75.01; that there is an outstanding indebtedness still due
the estate, amounting to $297.05; that there are no other

assets of said estate, and it will have to be settled as an insolvent estate; that the sum of $193.85 is made up in part of an item of $160 arising from the sale of real estate made pursuant to the order of the court by the administrator for the payment of debts; that the credit of $118.84 is made up of three items, viz., cash paid to the clerk of the court in full of costs to date of report, $58.84; amount due the administrator for services, $30; cash paid to attorneys for services rendered, $30.

Sarah E. Vawter, the appellee and a creditor of the estate, filed exceptions to the report, which exceptions, together with the report, were submitted to the court, and, after hearing evidence, the court disallowed the two $30 items, and $7.80 of the $58.84 item, and the appellant reserved the proper exceptions. It is shown that the decedent in his lifetime owned two certain tracts of land, and a few years before his death had conveyed one of these tracts to his son, Lyman H. Thornton, but the deed was not recorded for some years after its execution; that, after the execution of said deed, the appellee, without notice thereof, loaned to the decedent, on the 23d day of July, 1883, $400, for which she took his note and a mortgage to secure the same on the said two tracts of land, and had the same duly recorded; that, on the 17th day of October, 1885, said administrator filed his petition in said court to sell real estate for the payment of debts, the real estate described in said petition being the said two tracts of land mentioned above; that to this petition the said Sarah E. Vawter was made a defendant, served with process, and filed a cross-complaint asking a foreclosure of her said mortgage and an order for the sale of all of said real estate to pay her debt; that such proceedings were had that the court rendered a judgment against said estate for the sum of $496.50 and for costs, in favor of the appellee, and rendered a decree foreclosing said mortgage as to the tract of land which the decedent had conveyed to his son, and that the same be sold upon an order of sale as other lands are

sold upon execution; that as to the other tract of land the decree and order of the court was, that the same be sold by the administrator for the payment of debts, discharged of liens; that it was a condition of said decree that if the tract of land upon which the mortgage was foreclosed did not sell for a sum sufficient to pay the judgment of the appellee, with costs, the deficiency be paid by said administrator in due course of administration, in its order of priority, out of any assets of said estate in his hands applicable thereto upon the further order of the court; that the tract of land upon which the appellee's mortgage was foreclosed was sold on execution, and after payment of costs there yet remained unpaid of appellee's judgment $196; that the item of $160 was the sum total realized by the administrator from the sale of the said real estate sold by him.

There are several errors assigned, but it is not necessary that we call especial attention thereto.

There are but two questions discussed. The errors assigned properly present these questions for our consideration:

1. Were the priorities of the parties adjudicated and determined in the proceedings growing out of the filing of the petition to sell real estate by the administrator? We think not. There is an allegation in the petition that the costs of administration, etc., are superior to the lien of the mortgage of the appellee, but that is the statement of a conclusion of law merely, and is, consequently, of no importance.

The finding and order of the court settle nothing as to the priority of liens or claims against the estate.

The order is, that, when the real estate upon which the mortgage was foreclosed is sold, if there is not a sum sufficient realized to pay the amount due to the appellee in full, the deficiency shall be paid out of the assets in the hands of the administrator applicable thereto, upon the order of the court, thus expressly leaving all questions of priority open for further consideration.

2. Is the appellee entitled to have the fund in the hands

of the administrator, arising from the sale of real estate made by him, applied to the payment of the balance still due to her, as against the costs of administration, funeral expenses, and expenses of last sickness?

We are of the opinion that this is her right.

The lien of the appellee was a specific lien, created by the decedent in his lifetime, and, the real estate having been sold freed of the lien, it followed the fund in the hands of the administrator. Section 2435, R. S. 1881. Costs of administration, funeral expenses, and expenses of last sickness, are claims that did not exist for years after the appellee's lien was created.

Ordinarily, the senior lien is the superior one, and there is nothing to bring the case under consideration within any exception to this general rule.

The rights of the parties, as we think, are regulated and controlled altogether by statute.

Upon an application by an administrator to sell real estate for the payment of debts, the court must make one of two orders where there are liens: (1) to sell subject to the liens; or (2) to sell in discharge thereof. Section 2435, *supra.*

When the sale is made subject to a lien, the lien remains intact, and it is expressly provided by the statute that the lien-holder shall not share in the distribution of the fund.

When the sale is made to discharge a lien, it is expressly provided that the moneys arising from the sale shall be applied to the payment of the lien. Section 2435, *supra.*

This section is not in conflict with section 2378, R. S. 1881, nor does the one modify the other. Section 2378 has reference to the general fund in the hands of the administrator, while section 2435 refers to a particular fund or property.

The order, as we have seen, in the case under consideration, was to sell the real estate discharged of the appellee's lien, and, in obedience to section 2435, *supra,* the proceeds of the sale must be applied in discharge of the lien.

Counsel for the appellant have filed a very able and ex-

haustive brief, but in view of the statutory provisions referred to we are of the opinion that the order and judgment of the court below must be affirmed.

Judgment affirmed, with costs.

Filed Feb. 21, 1889.