EDWARD M. SWETT & others *vs.* ALBERT G. THOMPSON.

Middlesex.    March 26, 1889. — May 11, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Equity Practice — Appeal — Chattel Mortgage by Remainderman.*

The only question before this court, upon an appeal from the final decree of a justice of the Superior Court, sitting in equity, without a report of the evidence or of any of the facts found by him, is whether the decree is supported by the pleadings.

A mortgage of personal property, containing the usual covenants and given by one with a vested interest therein subject to an estate for life, will operate as an equitable assignment at least of such interest, which the mortgagee may enforce after the life tenant's death.

BILL IN EQUITY to cancel and set aside a mortgage of personal property given to the defendant by the plaintiffs Edward M. Swett and his wife, Mary A. Swett, to the latter of whom such property was bequeathed in trust for the benefit of the remaining plaintiff, Hannah E. Carter, during her life, with remainder to Mary A., under the will of Eliza E. E. W. Carter. In the Superior Court, *Bishop,* J., made a decree dismissing the bill; and the plaintiffs appealed to this court. The facts appear in the opinion.

*P. J. Hoar,* for the plaintiffs.

*G. H. Stevens,* for the defendant,

MORTON, C. J.    There is nothing before us on this appeal except the question whether the final decree is supported by the pleadings in the case. There is no report of the evidence, or of

any of the facts found.   It is only open to the plaintiffs to claim that upon the pleadings they are, as matter of law, entitled to a decree in their favor.   *Smith* v. *Townsend*, 109 Mass. 500. *Mason* v. *Lewis*, 115 Mass. 334, 335.

The bill is brought to set aside a mortgage of personal property, on the ground that the property was held by one of the mortgagors as a trustee, and therefore that they had no right to mortgage it, and also upon the ground that the mortgage was without consideration, and was obtained by misrepresentation and fraud.   The answer denies the allegations of the want of consideration, and of misrepresentation and fraud.   The Superior Court, "after full hearing, and argument of counsel," ordered that the bill be dismissed, and we must assume that these issues of fact were properly found against the plaintiffs. As to the allegations of the bill, that the property mortgaged was held in trust by Mary A. Swett, under the will of her sister, Eliza E. E. W. Carter, the answer in the thirteenth clause by implication admits their truth, and alleges that the property is still in the possession of Mary A. Swett, and that her *cestui que trust*, "Hannah E. Carter, has always enjoyed and is still enjoying the income and benefit from said property."   We must assume that the Superior Court found that these allegations of the defendant are true.

The will of Eliza E. E. W. Carter gives all the remainder of her property, real and personal, to Mary A. Swett, " in trust to pay over the net income thereof to my father, Joseph Carter, and my mother, Hannah E. Carter, in her discretion, whenever they may need the same for their support and comfort, during their natural lives and to the survivor of them as long as he or she shall live, and at the decease of the surviving parent and of both my said parents then my said property and estate shall go, and I give, bequeath, and devise the same to my sister, the said Mary A. Swett, to her and her heirs and assigns forever."   In case Mary A. Swett shall not be living at the death of the survivor of the parents, the property is given to the Kirk Street Congregational Church and Society of Lowell.   Under this will Mary A. Swett took a vested interest in the property, in the nature of an equitable remainder, which she could transfer and assign.

The mortgage in question, though it cannot take full effect as a mortgage, will, at least in equity, operate to transfer to the defendant the interest of Mary A. Swett in the property described in it. He does not seek to enforce it so as to interfere with the execution of the trust under the will, but he has the right to hold it as an assignment of the interest of Mary A. Swett, which he can enforce after the death of her surviving parent. It is not alleged by the plaintiffs that the defendant at the time he took the mortgage knew that the property was held in trust. To set aside and cancel the mortgage would deprive the defendant of a right which may be of value to him, and would aid the mortgagors in committing a fraud upon him.

Another and sufficient reason for refusing the prayer of the bill is, that the mortgage contains covenants by the mortgagors that they are the lawful owners of the property, that it is free from all encumbrances, that they have a good right to sell it, and that they will warrant and defend the same against the lawful claims and demands of all persons; and the defendant cannot lawfully be deprived of the right to enforce their covenants against them.        *Decree affirmed.*