No. 14,373.

## WEIR *v.* SANDERS.

WIDOW.—*Expenses of Husband's Last Sickness.—Liability.—Statute Construed.*
—Under section 2422, R. S. 1881, making the widow liable for the expenses of the last sickness of her husband, when the estate is set off to her on petition, a suit is not maintainable against the widow on a judgment rendered against the husband upon a note executed by him before his death for medical services. The widow is liable only for an unliquidated indebtedness created on account of the last sickness of the husband, and is not liable to suit on notes executed by her husband or the judgments rendered against him.

From the Sullivan Circuit Court.

*W. C. Hultz* and *O. B. Harris*, for appellant.
*J. T. Beasley* and *A. B. Williams*, for appellee.

OLDS, J.—This is an action by the appellant against the appellee, who is the widow of James Sanders, deceased.

The complaint is in one paragraph, and, in substance, alleges the following facts:

That the appellee was intermarried with one James Sanders, on the 1st day of July, 1880, and that they lived to-

gether as husband and wife from that date until the 1st day of October, 1885, when said James Sanders died; that on the 1st day of August, 1885, the said James Sanders executed his promissory note to the appellant, by which he agreed to pay to the appellant the sum of $125 in one day from the date thereof, together with interest at 8 per cent. and attorney's fees; that the consideration for which said promissory note was given was services rendered by the appellant as a physician during the last sickness of the said James Sanders; that on the 1st day of September, 1885, the appellant, by his indorsement on the back of said note, duly assigned and transferred said note to one William H. Crowder; that on the 3d day of September, 1885, the said Crowder commenced suit before one Thomas J. Humphreys, a justice of the peace of Hamilton township, in said Sullivan county, and such proceedings were duly had in the premises that judgment was duly given on said note against the said James Sanders, on the —— day of September, 1885, for $138.60, and costs amounting to $10, and the further sum of $15 attorney's fees, and for the same amount against the appellant as indorser on said note; that on the 7th day of February, 1888, said judgment was duly assigned and transferred to the appellant; that the appellee, on the 14th day of March, 1887, filed her verified petition in the clerk's office of Sullivan county, Indiana, alleging the death of her husband, James Sanders, and that he left an estate of less value than $500, and asking to have the same set off to her as his widow without administration, and that such proceedings were had that the same was duly set off to her by the judgment of the Sullivan Circuit Court, on the 4th day of June, 1887, vesting the title to all the property, both real and personal, of which said James Sanders died the owner, in the said appellee. Prayer for judgment against the appellee for $200, and all proper relief.

To this complaint the appellee filed a demurrer for want of facts, which was sustained, and appellant excepted, and

Weir v. Sanders.

refused to amend or plead further, and judgment was thereupon rendered on demurrer for the appellee.

The ruling of the court in sustaining the demurrer to the complaint is assigned as error.

It is conceded that this is an action for a personal judgment against the appellee upon the judgment rendered against her husband, and it is contended that the appellee is liable under the provisions of section 2422, R. S. 1881, which is as follows: "Upon the court entering the decree vesting the title to such estate in the widow, the clerk of the court shall make and deliver to her a certified copy thereof; which shall be all the authority necessary to enable her to sue for and recover all debts due the decedent, and the possession of any property belonging to such estate, such suit being prosecuted in her own name. And such widow shall not be liable for any of the decedent's debts, except mortgages of real estate, but she shall pay and may be sued for reasonable funeral expenses of the deceased and expenses of his last sickness."

This section of the statute expressly exempts the widow from any liability for any of the debts of her husband. The judgment on which this suit is brought was rendered against the husband some time before his death, on a note executed by him some sixty days before he died. The judgment grows out of a contract of indebtedness on the part of the husband, and it is sought to hold the appellee, the widow, liable on the contract of her husband for the amount he agreed to pay for the medical services, and the rate of interest he agreed to pay, together with attorney's fees for the collection of the note.

It is manifest that this statute was intended to make the widow liable only for an unliquidated indebtedness created on account of the last sickness of the decedent, and it was not intended, as insisted upon in this case, to make the widow liable to suit and judgment upon a note or contract executed by her husband, or upon a judgment rendered against him

upon a note or contract. A recovery against a widow under this section of the statute must be upon the account, and the complaint must aver the services rendered and the value thereof. If a recovery could be had on the complaint in this case it must be for the full amount of the judgment, for if the appellant is entitled to recover upon the judgment at all he is entitled to recover the full amount of the judgment, the effect of which would be to hold the widow liable on the contract of her husband, and make her liable not only for the expense of the last sickness of the decedent, but for interest on a note given by him, and attorney's fees in taking a judgment against the decedent in his lifetime, and for the costs in such case. Certainly no such construction can be placed upon the statute. The widow is liable for the reasonable expense of the last sickness of her deceased husband, when the estate is set off to her on petition without administration, but she is not liable to suit on notes executed by her husband or the judgments rendered against him.

There was no error in sustaining the demurrer to the complaint.

Judgment affirmed, with costs.

