Filed Oct. 17, 1891.

———◆———

No. 14,719.

MAYER v. MYERS, ADMINISTRATOR, ET AL.

CHATTEL MORTGAGE.—*Failure to Record.*—*Decedents' Estates.*—*Rights of Creditors.*—The fact that a chattel mortgage is not recorded is not a defence that can be made by the administrator or heir of the deceased against its foreclosure, not even if the estate be insolvent.

From the Montgomery Circuit Court.

*J. R. Courtney,* for appellant.

*J. E. Humphries, L. J. Coppage, M. D. White, W. M. Reeves* and *W. E. Humphrey,* for appellees.

OLDS, J.—This action was brought by certain creditors of the estate of Charles C. Sidener, deceased, of whose estate

Noah E. Myers was the duly appointed administrator, to foreclose a certain chattel mortgage.

The appellant filed a cross-complaint, asking to have a chattel mortgage in his favor foreclosed, and to have it declared a prior lien. The appellees, Noah Myers, administrator of the estate of Charles C. Sidener, and the widow of said decedent, filed an answer to the cross-complaint, to the fourth paragraph of which a demurrer was addressed by the appellant and overruled by the court. This paragraph of answer of the administrator and widow averred the fact that the decedent, at the time of the execution of mortgage, and ever after, up to the date of his death, was a *bona fide* resident of Montgomery county, and that the mortgage was recorded in Fountain county, and not in Montgomery county; that the estate is insolvent, and the deceased remained in possession of the property until the time of his death.

There is some conflict in the authorities upon this question, but the rule as laid down in Jones on Chattel Mortgages (3d ed.), sections 239 and 240, is to the effect that the fact that the mortgage is not recorded is not a defence that can be made by the administrator or heir of the deceased against its foreclosure, not even if the estate be insolvent. This seems to be the settled rule as to mortgages on real estate (*Evans* v. *Pence,* 78 Ind. 439), and we see no valid reason why the same rule should not apply to unrecorded mortgages on personal property as is applied to unrecorded mortgages on real estate.

The general creditors have no lien on the personal property of the deceased. Such portion of it only as would in the absence of debts descend to the heirs is subject to the payment of the debts due the general creditors, and the creditor has no right to test the validity of an unrecorded mortgage until he himself has a lien upon the property mortgaged, hence if the mortgage is valid as to the mortgagor, he leaves nothing to descend to his heirs except the property subject to the mortgage lien. This is the doctrine as laid

down in Jones on Mortgages, section 240, *supra*, and we think it enunciates the correct rule. *Sumner* v. *McKee*, 89 Ill. 127.

It follows from the conclusion we have reached that the court erred in overruling the demurrer to the fourth paragraph of answer of the administrator and widow to the appellant's cross-complaint.

The judgment is reversed, at costs of appellees, with instruction to sustain the demurrer to the fourth paragraph of answer of Noah E. Myers, administrator, and Minnie E. Sidener to the cross-complaint of Anton Mayer, and for further proceedings not inconsistent with this opinion.

Filed May 25, 1891; petition for a rehearing overruled Oct. 17, 1891.