## SNYDER, ADMINISTRATOR, ET AL. *v.* THIEME & WAGNER BREWING COMPANY ET AL.

[No. 21,590. Filed January 4, 1910. Rehearing denied March 17, 1910.]

1. DECEDENTS' ESTATES.—*Sale of Real Estate.—Judgment Liens.— Transfer of, to Funds.*—Where a deceased insolvent debtor's real estate is sold to pay debts, the liens of judgments against such debtor are transferred to the funds arising from such sale. p. 661.

2. JUDGMENT.—*Lien of.—Devesting of.*—A judgment constitutes a general lien upon real estate which may be removed at any time before rights thereunder have become vested. pp. 662, 668.

3. DECEDENTS' ESTATES.— *Insolvency.— Debts.— Preferences.— Judgments.—Statutes.*—Claims of mere judgment creditors against the real estate of a deceased insolvent—the personal estate being taken by the widow—do not have priority over claims for expenses of administration, expenses of the funeral of the decedent, or expenses of the last sickness of the decedent. pp. 662, 667, 668.

660     SUPREME COURT OF INDIANA,

Snyder *v.* Thieme & Wagner Brew. Co.—173 Ind. 659.

4. DECEDENTS' ESTATES.—*Widow's Interest.—Judgments.*—Under
§2945 Burns 1908, Acts 1903, p. 145, §2, giving to a widow the
whole of her deceased husband's estate, where it does not exceed
in value $500, she takes it free from the demands of judgment
creditors, but burdened with the expenses of the last sickness and
the funeral of decedent, and the cost of administration of his es-
tate. p. 666.

5. STATUTES.—*In Pari Materia.*—Statutes on the same subject-
matter will be construed together. p. 667.

From Tippecanoe Circuit Court; *R. P. DeHart,* Judge.

Final report of Frank M. Snyder, as administrator of the
estate of Peter J. Hengen, deceased, to which the Thieme &
Wagner Brewing Company and others except. From a judg-
ment in favor of such company and others, the administrator
and others appeal. Transferred from Appellate Court un-
der §1394 Burns 1908, subd. 2, Acts 1901, p. 565, §10. *Re-
versed.*

*Stuart, Hammond & Simms* and *Charles E. Thompson,* for
appellants.

*Wilson & Quinn,* for appellees.

JORDAN, J.—In the lower court appellant Snyder, the ad-
ministrator of the estate of Peter J. Hengen, deceased, filed
his final report, showing therein that he had been ordered
by the court to settle said estate as insolvent. The report
disclosed that of the moneys or funds arising out of the sale
of real estate made and held by the decedent at the time
of his death—after applying the same, (1) to mortgage liens
thereon and (2) to the payment of $300, the remainder due
the widow of the deceased upon her statutory allowance of
$500—there still remained of said money, including the one-
third interest of said widow, the sum of $2,525.15. This
amount the administrator paid into court, for the reason
that certain judgment creditors (appellees herein) were
claiming that their judgments were entitled to priority, and
that they should be preferred in payment over the expenses
of administration, funeral expenses of the deceased and the

expenses of his last sickness. This claim of the judgment creditors the administrator, in his report, controverted. Exceptions were filed by the latter to the final report, and thereupon the court referred the report and exceptions thereto to a master-commissioner for examination, and ordered him to report the facts to the court, with his conclusions of law thereon.

It appears that the commissioner, after hearing the evidence in respect to the matters involved, concluded, and so recommended to the court by his report, that the final report of the administrator should not be approved; that the judgments held by appellees, rendered by the Superior Court of Tippecanoe County against the decedent during his lifetime, were entitled to be first paid in full out of the money in the hands of the clerk, in preference to the payment of the expenses of administration, funeral expenses and expenses of the last sickness of the decedent, and that the administrator be directed to restate his report accordingly. Exceptions were filed to the master's report, which were overruled by the court, and the latter rendered its judgment in accordance with the conclusions of the master commissioner. It appears from the record that the decedent left surviving him a widow and children, and that the total value of his estate was about $5,000, consisting of real estate situated in Tippecanoe county, Indiana, and $200 in personal property. Said real estate was encumbered by certain mortgage liens. The personal property—$200—was taken by the widow under her allowance of $500, and the remaining $300 was paid to her out of the proceeds arising from the sale of the real estate.

The principal question presented for determination under the facts and the law in this case is, Are the judgment creditors of the decedent to be preferred in the payment 1. of their judgments in full over the payment of the expenses of administration, funeral expenses and expenses of the last sickness? It is true that in this case the

662     SUPREME COURT OF INDIANA,

Snyder *v.* Thieme & Wagner Brew. Co.—173 Ind. 659.

real estate upon which their judgments became liens or charges was ordered by the court to be sold by the administrator under the authority of §2852 Burns 1908, §2336 R. S. 1881, to make assets for the payment of the liabilities of the estate.   As it appeared that such real estate was encumbered with liens, the court, under the provisions of §2867 Burns 1908, §2350 R. S. 1881, directed that the sale thereof by the administrator be made to discharge such liens, including the judgments in question, consequently, under the provisions of §2867, *supra,* as all the lien holders were made parties to the proceedings to sell, the purchaser of the lands at the administrator's sale took and held them free from the liens, including the liens of appellees' judgments, and by force and operation of the provisions of said §2867, such liens attached to the funds arising from the sale.   The judgments in question were not specific liens upon the lands, but

2.   were mere general liens or charges thereon which were wholly of statutory creation, and as such liens could have been devested by the legislature at any time before rights thereunder had become vested.   *Gimbel* v. *Stolte* (1877), 59 Ind. 446; *Heberd* v. *Wines* (1886), 105 Ind. 237; *Shirk* v. *Thomas* (1889), 121 Ind. 147, 16 Am. St. 381, and authorities cited.

In the latter case, Elliott, J., said:   "In strictness, neither a judgment nor an attachment is a lien upon land; both are simply charges against land existing by virtue of statute." By the transfer of the judgment liens to the funds derived from such sale of the real estate in question, such liens in no manner became specific charges against these funds, but still remained only a general charge against the funds, subject to the rights of priority or preference, if any, under the law, in their application by the administrator.

Turning to the statutes which govern the settlement of a decedent's estate, and we find that §2901 Burns 1908,

3.   §2378 R. S. 1881, declares as follows: "Unless otherwise provided in this act, the debts and liabilities of

a decedent, shall, if his estate be solvent, be paid in the following order of classes:'' (1) Expenses of administration; (2) expenses of the funeral of the decedent; (3) expenses of his last sickness; (4) taxes; (5) debts secured by liens created or suffered by the decedent in his lifetime; (6) labor claims; (7) general debts; (8) legacies.

Counsel for appellees insist that this section is modified by §§2957, 2958 Burns 1908, Acts 1883, p. 151, §32, §2435 R. S. 1881, and that when construed along with these sections it must be held that, where an estate is insolvent, judgment liens upon the lands of the decedent must be preferred in their payment over expenses of administration, funeral expenses and expenses of last sickness.

Section 2957, *supra*, provides: ''If, upon the hearing of such account [that is, the account mentioned in the preceding section], it appear to the court that all the estate liable to be made assets shall have been converted into money, and there be no claims pending against it unallowed, the court shall order the money applied to the expenses of administration, and distribute it among the claimants whose claims have been allowed, in the order hereinbefore provided, *pro rata*, among the claimants of each class, subject to the provisions of the next section.''

Section 2958, *supra*, declares that ''if any portion of the moneys shall have been derived from the sale of real estate, and the same shall have been sold subject to liens, the parties holding such liens shall not be entitled to share in such distribution. If such sale shall have been made to discharge liens on the real estate, the moneys derived from such sale shall be first applied to the payment of such liens in the order of their respective priorities, whether legal or equitable; and if any portion of the debts secured by such liens remain unsatisfied after the application of the purchase money, the residue shall be entitled to share in such distribution as general debts.''

It is evident that §2901, *supra*, contemplates that the estate

664        SUPREME COURT OF INDIANA,

Snyder *v.* Thieme & Wagner Brew. Co.—173 Ind. 659.

of a deceased person, whether such estate be solvent or insolvent, shall, in addition to the expenses of administration, be charged with the payment of the reasonable expenses of the funeral of the decedent and the reasonable expenses of his last sickness, and that these expenses shall be preferred over all other liabilities of the estate, except specific liens. Certainly the contention of appellees—that §§2957, 2958, *supra,* which profess to deal only with and refer to liabilities of the estate which arose during the lifetime of the decedent, must be construed as modifying §2901, *supra,* in regard to the payment, as therein prescribed, of the expenses of administration, of the funeral and of last sickness of the decedent—cannot, in reason, be sustained. Evidently the legislature, in respect to the payment of the expenses in question, did not intend that a different rule should govern, where the estate is insolvent, from that which applies to and controls in an estate which is solvent; or, in other words, the legislature did not intend that general liens of judgment creditors, where the estate is insolvent, should in their payment be preferred over the expenses of administration, funeral and last sickness. *Hilderbrand* v. *Kinney* (1909), 172 Ind. 447.

In the case just cited, in considering the question in respect to the statute of limitations upon claims or debts of a decedent, it was said: Claims for "funeral expenses and burial * * * are not debts of the decedent, hence not accounts against him or his estate, within the meaning of the statute of limitations. They can arise from no request or obligation of the decedent, express or implied, unless it might be under the provisions of a will. They are liabilities and charges against the estate, raised up and imposed by law, as distinguished from obligations arising by some act or promise of the decedent. They stand in the same category as the expenses of administration. * * * The law imposes the duty of burial of the dead, and it is not an obligation arising out of contract, any more than a judgment is a contract. * * * In *Sullivan* v. *Horner* [1886], 41 N. J. Eq. 299, 7 Atl. 411,

NOVEMBER TERM, 1909. 665

Snyder *v.* Thieme & Wagner Brew. Co.—173 Ind. 659.

the court gave preference to the funeral expenses over the judgment, upon the theory that the law imposes the duty of burial to the exclusion of the judgment, the estate being insolvent. We think that the legislature intended to classify the charges against the estate of decedents, and that the rule is not different with respect to solvent and insolvent estates, unless specific liens absorb the property, and that this specification as to the expenses of administration, and expenses of funeral of the decedent, is an arbitrary one, applicable to those charges which are not debts in the general sense of the word. We are further justified in this view for the reason that, though taxes are a lien, they are postponed in distribution to the expenses of the last sickness, a strict debt, created in the lifetime of the decedent, and no different rule is provided whether the estate is solvent or insolvent. The expenses of administration and of the funeral of the decedent are clearly allied to the expenses of the execution of a trust, liabilities not imposed by contract but by general principles of public policy.''

Upon examining other sections of our probate statute relating to decedents' estates—of which §2901, *supra,* is a part—it will be seen that if the estate be discovered insolvent before the expiration of one year, no claim against it, except expenses of administration, of the last sickness and funeral of the decedent, shall be paid until the expiration of a year. Section 2786 Burns 1908, §2269 R. S. 1881, provides, that if the personal estate be insufficient to pay the widow's statutory allowance of $500, the deficit shall be a lien upon the real estate of the decedent, liable for the payment of debts, and such lien is made superior to the liens of judgments rendered against the decedent.

Sections 2945, 2946 Burns 1908, Acts 1903, p. 145, §2, §2422 R. S. 1881, provide for vesting an estate, which does not exceed $500 in value, in the widow of the decedent. Section 2945, *supra,* declares that ''if, at any time, any executor or administrator shall discover that the whole estate of the

666 SUPREME COURT OF INDIANA,

Snyder *v.* Thieme & Wagner Brew. Co.—173 Ind. 659.

decedent is not worth over $500 and the widow of the deceased be living and entitled to share in his estate, he shall so report to the court, when, after deducting the *expenses of administration,* the court shall enter a decree vesting the whole of such estate in the widow and for the delivery to her of all assets of the estate in the hands of such administrator or executor.'' (Our italics.)

Section 2946, *supra,* declares that ''such widow shall not be liable for any of the decedent's debts, except mortgages of real estate, but she shall pay and may be sued for the reasonable funeral expenses of the deceased and expenses of his last sickness.''

While the widow of the decedent, under these provisions of the statute, takes and holds the real estate, if any, which may be turned over to her, subject to the specific lien of, a mortgage, nevertheless she takes such realty exempt from the liens or charges of judgments rendered against the decedent during his life, but she takes it under the statute, burdened with the payment or liability of his funeral expenses and the expenses of his last sickness. *Quakenbush* v. *Taylor* (1882), 86 Ind. 270; *Fleming* v. *Henderson* (1890), 123 Ind. 234; *Weir* v. *Sanders* (1890), 124 Ind. 391; *Dixon* v. *Aldrich* (1891), 127 Ind. 296.

These several provisions of the statute relative to the claim of the widow, in the event the personal property is deficient, make her claim a lien upon the real estate of the decedent, superior to the liens of judgments rendered against him, but make the property turned over to her upon her statutory claim subject to the incurred expenses of administration of the estate—so far as such administration has advanced—and, in addition, burden it with the payment of the funeral expenses of the decedent and the expenses of his last sickness. When read in connection with §2901, *supra,* they fully reveal that the legislature, under this latter section, intended and contemplated that in the settlement of a decedent's estate, whether such be solvent or insolvent, the

expenses of administration, of the funeral and of the last sickness should be preferred over and paid in full before the payment of judgments rendered against the decedent. It would certainly be unreasonable to suppose that the legislature, having, as shown, subjected the statutory claim of the widow, which it has made a lien on the real estate superior to the lien of a judgment, to the payment of the expenses in question, but upon the contrary, in an insolvent estate, intended to prefer the payment of judgments over the payment of expenses of administration, funeral and last sickness. In construing the statute, all relating to the same subject may be read and construed together in order to ascertain the intent of the legislature. *Conn* v. *Board, etc.* (1898), 151 Ind. 517; *Wasson* v. *First Nat. Bank* (1886), 107 Ind. 206; *Jeffersonville, etc., R. Co.* v. *Dunlap* (1887), 112 Ind. 93.

In *Quakenbush* v. *Taylor*, supra, this court said: "A judgment creditor has no right in the property of his judgment debtor, he only has the right to make his judgment effectual, subject to the exemption laws and other statutory provisions."

In *Dixon* v. *Aldrich, supra,* the court held that the right of the widow to her statutory claim of $500 is not defeated by a levy made by the sheriff on the property of her deceased husband during his life.

The case of *Ryker* v. *Vawter* (1889), 117 Ind. 425, cited and relied upon by appellees, is not in point under the facts in the case at bar. That case involved a mortgage, a specific lien upon the real estate of the decedent. The court held that the holder of the mortgage on the real estate of the decedent, which the administrator had been ordered to sell to discharge the lien, was entitled to have the entire proceeds of the sale applied to the payment of his mortgage debt, if necessary, to the exclusion of claims, costs of administration, funeral expenses and expenses of last sickness. This decision is undoubtedly correct under the law as then and

now in force; but it must be remembered that there is a marked distinction between the lien of a mortgage and that of a judgment. The former is a specific lien created by contract and cannot be devested by the legislature. The lien or charge of a judgment is, as heretofore shown, general, created and enforced by the statute, and, as we previously stated, may be devested by the legislature at any time before rights thereunder have become vested.

The following authorities sustain the proposition that the expenses of administration, the funeral and last sickness of the decedent have priority in payment over judgment liens against his real estate. *Hilderbrand* v. *Kinney, supra; Taylor* v. *Wright* (1884), 93 Ind. 121; *Sullivan* v. *Horner* (1886), 41 N. J. Eq. 299, 7 Atl. 411; *Patterson* v. *Patterson* (1875), 59 N. Y. 574, 17 Am. Rep. 384; Schouler, Executors and Administrators (2d ed.), §§421, 423.

By the statute of New Jersey, preferred claims against the estate of a decedent were in the following order: Judgments rendered against the decedent in his lifetime, funeral expenses and expenses of last sickness. These claims, under the statute, were to be paid out of the personal and real estate of the decedent. In *Sullivan* v. *Horner, supra,* it appears that an insolvent decedent, domiciled in the State of New Jersey, was, together with his wife and child, accidentally killed in the State of Texas, where they were temporarily sojourning. In that case a claim for funeral expenses of the decedent and of his wife and child, including the necessary expenses for transporting their bodies from the place where they were killed to their domicile in New Jersey, was filed against the insolvent estate. This claim was allowed by the court, over the exceptions of a judgment creditor who had recovered a judgment against the decedent during his life. The contention of the judgment creditor in that case was that payment of the claim in question was, under the statute, not preferred over his judgment. In that

appeal the court, in passing upon and considering the preference of the claim over the judgment, said: ''An executor is bound to provide for his testator decent and appropriate Christian burial. Not only do the usages and necessities of society require this at his hands, but it is a requirement of the law also. * * * Funeral expenses are, by the common law, to be first paid out of the assets. * * * They are by law, in England, preferred in payment to a debt due the crown. * * * In this country, to a debt due to the United States government. * * * It is argued that the preferred claims, under the present statute, are entitled to priority in the order in which they are mentioned. This construction would give to judgments of record against the decedent in his lifetime preference over his funeral expenses and the physician's bill for services during the last sickness. It is entirely obvious that such a construction is not allowable. It might give to the judgment creditor of an insolvent decedent the entire property of the debtor, and leave his body to be buried at public expense, and his physician's bill, for services in his last illness, unpaid. It would subordinate the demands of society, in the very important matters of medical aid in sickness and decent burial after death, to the claim of a creditor, and thus the insolvent might be compelled to depend upon charity for medical aid in his last illness, and his body, at his death, go to a pauper's grave, furnished at the public expense. The condition of a man's estate is, in the great majority of cases, unknown to the community until after his death. It follows that, if the construction contended for were adopted, the physician and the undertaker would, in very many cases, decline to render their services on the credit of the estate. The law is not so careful of the interests of judgment creditors of insolvent debtors as to prefer their demands to the claims of humanity and the proprieties and necessities of society, but, on the contrary, for manifest reasons, subordinates the former to the latter.''

670          SUPREME COURT OF INDIANA,

Snyder *v.* Thieme & Wagner Brew. Co.—173 Ind. 659.

In *Patterson* v. *Patterson, supra,* the court said: ''Though our statute of payment of debts and legacies gives the order in which the executor shall make payment of debts against the estate, and though there is no provision there for a priority of payment of funeral expenses, it is not to be held therefrom that the common-law rule is abrogated. Those expenses are not to be treated as a debt against the estate, but as a charge upon the estate, the same as the necessary expenses of administration. * * * The expenses of probate of will precede the formal authority to the executor, but are allowed to him on an accounting. So should funeral expenses be. The decent burial of the dead is a matter in which the public have concern. It is against the public health if it do not take place at all, * * * and against a proper public sentiment, that it should not take place with decency.''

In Schouler, Executors and Administrators (2d ed.), §423, the author says: ''Administration charges rank with those of the funeral in taking a general precedence of creditors' demands. * * * No precise rule can be laid down as to the duration of one's last illness, nor for the degree of attention paid; this must vary with the nature of the disease and the situation of the patient. Unlike administration and funeral expenses, these are not charges growing out of one's death, but rather debts due from the deceased for services rendered to him during his life; yet a similar necessity may cause them to be rendered independently of one's consent, and a similar policy favors their priority.''

It is clear that the lower court erred in deciding by its judgment that the claims in controversy were not preferred in their payment over the judgments of appellees, for which error the judgment below is reversed and the cause remanded, with direction to the lower court to order the payment in full, out of the funds arising from the sale of the real estate of the decedent and remaining in the hands of the clerk of the lower court, other than the part thereof

which embraces the one-third interest of the widow in the real estate sold by the administrator: (1) To the reasonable expenses of administration, including a reasonable fee for the administrator's attorney; (2) the reasonable expenses of the funeral of the decedent; (3) the reasonable expenses of his last sickness, and the remainder thereof, if any, to be applied as provided by law—all as provided by §2901 Burns 1908, §2378 R. S. 1881.