## BROWN, EXECUTOR, *v.* NUNN.

[No. 11,011. Filed December 7, 1921. Rehearing denied March 7, 1922. Transfer denied November 23, 1922.]

EXECUTORS AND ADMINISTRATORS.— *Costs of Administration.— Widow's Interest. — Priority. — Sale of Realty. — Statute. —* Where decedent's realty is sold under §2866 Burns 1914, §2349 R. S. 1881, providing that, if the widow's interest is liable to sale to satisfy a lien on such real estate, the court has the power to direct such sale to satisfy such lien and debts, and to order payment to the widow of her share of the gross proceeds after satisfying such lien, she is entitled to have the amount due her after the satisfaction of the lien paid to her in full prior to the payment of the costs and expenses of administration.

From Marion Probate Court; *Mahlon E. Bash,* Judge.

Petition by Joseph K. Brown, executor of the will of Charles S. Nunn, deceased, against Mary C. Nunn, for the sale of decedent's real estate, in which defendant filed a petition asking that certain payments be made to her, and from an order in her favor, plaintiff appeals. *Affirmed.*

*Joseph K. Brown* and *John Browder,* for appellant.
*James E. Rocap,* for appellee.

McMahan, J.—Appellant, as executor of the last will and testament of Charles S. Nunn, who died in April, 1918, filed his petition in the probate court for the sale of all real estate owned by his decedent for the purpose of paying debts. Appellee, who was the second and childless wife of said decedent, was made a party to said petition, and such proceedings were had therein as resulted in an order being entered by the court directing and authorizing appellant to sell all of the real estate of said decedent, including the interest of appellee, and ordering that the interest of appellee should be paid to her out of the gross proceeds of the sale after the payment of the mortgage liens, which amounted to $7,885.12. Appellant sold said real estate for $12,375.

Appellee later filed her petition alleging that she was entitled to a life estate in an undivided one-fourth of the proceeds derived from the sale of its real estate, and asking that appellant be ordered to pay her the value of her life estate in the real estate so sold. Appellant filed answer in abatement, alleging that the estate had not been settled and could not be on account of certain actions pending in the superior court by appellant to collect claims due said estate, and for the further reason that the amount which would be due appellee could not be determined until the final settlement of the estate.

Appellee's demurrer to this answer having been sustained, appellant excepted, and then filed an answer in two paragraphs. The first was a general denial. The second admitted the sale of real estate, as alleged in appellee's petition, for the sum of $12,375, and alleged that he had paid mortgage liens thereon aggregating $7,885.12, and that he had paid out on account of judgments, claims, and expenses incurred in settling the estate, including burial expense and expenses of administration, which, with the amount paid on account

of the mortgage liens, aggregated $14,378.63, and that the total amount of the assets which had come into his hands as executor was $14,769.31, and asking that the money so paid out by him be declared to be prior to the claim of appellee.

The court on final hearing found the value of appellee's interest in the real estate was $1,767.88; that she had been paid thereon $275, leaving a balance of $1,492.88 due her; and ordered appellant to pay said sum to appellee and to take credit therefor in his final report. From this order appellant appeals and contends that the court erred in sustaining appellee's demurrer to the plea of abatement and in overruling his motion for a new trial.

Appellant's contention is that the costs and expenses of administration, mortgage liens, and the value of appellee's life estate as found by the court exceed the amount realized by the sale of the personal property and the real estate of the decedent, and that the mortgage liens and costs of administration must be paid in full before paying appellee.

Appellee's contention is that after the payment of the mortgage liens she is entitled, both under the law and under the order of the court as made when the real estate was ordered sold, to have the amount due her paid in full prior to the payment of the costs and expenses of administration.

Section 2866 Burns 1914, §2349 R. S. 1881, provides that: "If the interest of the widow in the real estate of the decedent be liable to sale to satisfy a lien on such real estate, the court shall have power, in proceedings for the sale of said real estate for the payment of debts, to direct the sale of the whole thereof, including the widow's interest, to discharge such lien, and to order the payment to her of her share of the gross proceeds of the sale after satisfying such lien."

It has been held that where it requires the entire proceeds of the property to discharge a lien created by decedent and the estate is insolvent, no part of that fund can be applied to the expenses of administration, or for funeral or last sickness of decedent. *Ryker, Admr.,* v. *Vawter* (1889), 117 Ind. 425, 20 N. E. 294; *Hildebrand* v. *Kinney* (1909), 172 Ind. 447, 87 N. E. 832; *Snyder* v. *Thieme, etc., Co.* (1910), 173 Ind. 659, 90 N. E. 314, Ann. Cas. 1912A 774.

Expenses and costs of administration, funeral, and last sickness of a decedent have priority in payment over judgment liens, but we know of no statute or decision giving priority to such claims over the interest of a widow in the real estate of which her husband died seized. Appellant cites *Bearss* v. *Montgomery, Gdn.* (1874), 46 Ind. 544, in support of the proposition that he as executor has a superior claim to that of appellee to the assets of the estate until the debts and expenses of administration have been paid. The facts in that case however are materially different from the facts in the instant case. The right and interest of the widow in the real estate of her deceased husband was not there involved. There was no question in that case between the personal representative and the widow of the deceased.

*Quackenbush* v. *Taylor, Admr.* (1882), 86 Ind. 270, and *Fleming* v. *Henderson, Sheriff* (1890), 123 Ind. 234, 24 N. E. 236, cited by appellant, are controlled by §2945 Burns 1914, Acts 1903 p. 145, and §2946 Burns 1914, §2422 R. S. 1881, which relate to the settlement of estates under $500. Section 2945 Burns 1914, *supra,* provides that if the executor or administrator discovers that the whole estate of the decedent is not worth over $500, and the widow be living and entitled to a share of the decedent's estate, he shall so report to the court, and the court, after deducting the expenses of administra-

tion, "shall enter a decree vesting the whole of such estate in the widow." Section 2946 provides that, upon the entering of the decree vesting title in the widow, the clerk shall make and deliver to her a copy of such decree, and that "such widow shall not be liable for any of the decedent's debts, except mortgages of real estate, but she shall pay and may be sued for reasonable funeral expenses of the deceased and expenses of his last sickness."

The Supreme Court, in discussing the liability of a widow for the expenses of administration and expenses of last sickness of her husband, said: "Her liability is one imposed upon her by the statute above quoted. Her liability attaches by reason of the fact that she has procured to be vested in her the title to property charged with the burden of paying the funeral expenses and the expenses of the last sickness of the deceased. The property set off to the widow under the sections of the statute above referred to can never equal the amount allowed a householder as exempt from execution, and to say that she may claim such property as exempt against the claim for funeral expenses and the expenses of last sickness is equivalent to saying that she shall take it as free from all demands of creditors. We think this statute indicates a different intention." *Fleming* v. *Henderson, Sheriff, supra.*

No such provision is found in the statute under which appellee claims. The language of the statute under which she claims and which authorized the court to sell her interest expressly provides for the payment to her of her share of the gross proceeds of the sale after settling the liens for which her interest in the real estate is subject and liable to sale. The court committed no error in sustaining the demurrer to the answer in abatement or in overruling the motion for a new trial.

Judgment affirmed.