THURSTON *v.* BUXTON, ADMINISTRATRIX, ET AL.

[No. 27,566.   Filed June 9, 1941.]

586

*Delos A. Alig* and *F. Neal Thurston*, both of Indianapolis, for appellant.

*Sumner Terry* and *A. E. Lisher*, both of Shelbyville, for appellees.

SHAKE, J.—William J. Buxton died testate. By the terms of his last will and testament his estate was bequeathed to four legatees, subject to a life estate in favor of his widow. One of the legatees was William A. Buxton, a son of the testator. After the death of his father, and during the lifetime of the widow, William A. Buxton borrowed $750 from Arthur J. Thurston, executing therefor a promissory note and an assignment of his interest in his father's estate. The operative part of the assignment was as follows:

"Now therefore, I, Arthur Buxton (William A. Buxton), do hereby sell, assign and set over a sufficient amount of my interest in said estate to pay and fully discharge said loan as provided in the conditions of the note which has been this day executed as evidence of said loan and I hereby

authorize, empower and direct the trustee of the funds of the said estate of said William J. Buxton to pay over to said A(rthur) J. Thurston a sufficient amount of my interest therein to fully pay, cancel and liquidate said note, and any such payments so made shall be a complete discharge of said trustee for such amounts so paid."

This instrument was recorded in Shelby County, although William A. Buxton was a resident of Marion County, Indiana.

Arthur J. Thurston and William A. Buxton have since died. The appellant is the son of Arthur J. Thurston and became the owner of the note and assignment referred to above in the distribution of his father's estate. The appellee Effie T. Buxton is the widow of William A. Buxton and is the administratrix of his estate. The only asset of the latter estate is $1,161.40 in money received by the administratrix in payment of the bequest in favor of William A. Buxton under his father's will.

Three claims were filed against the estate of William A. Buxton. The appellant claimed all the assets by virtue of the aforesaid note and assignment, the unpaid principal and accrued interest thereof exceeding the assets in the hands of the administratrix. Effie T. Buxton claimed $400 for the expenses of the last illness of William A. Buxton and a part of the funeral expenses advanced by her, and McNeeley & Son, Inc., claimed $198 as a balance due them on such funeral expenses, both of these claimants asking preferences.

The trial court found in favor of Effie T. Buxton and McNeeley & Son, Inc., on their said claims and for preferences, and found for the appellant generally on the note executed by William A. Buxton. The appellant filed a motion for a new trial, in which it was assigned

that the finding was contrary to law. The motion was overruled and this appeal followed.

We are first confronted with the necessity of determining the legal effect of the instrument referred to in the record as the assignment, and quoted above. Is it an absolute assignment, a chattel mortgage, or a pledge? An absolute assignment, in that it passes the whole interest in the thing assigned, is distinguished from a mortgage, which creates only a lien; and from a pledge, which transfers only possession. 6 C. J. S., Assignments, § 2(8). If the transfer is intended merely to secure an existing indebtedness or loan, it is a mortgage, although it may appear on its face to be an assignment or bill of sale. *Powell* v. *Totten* (1931), 93 Ind. App. 442, 162 N. E. 418.

The instrument under consideration discloses a loan of money and a promise to repay it. There can be no doubt that the maker had the right to pay the debt at maturity and that if he had done so the lien on his legacy would have been discharged. All of the essential elements of a chattel mortgage being present, the instrument must be so treated and considered.

A bequest under a will directing payment of a share of a remainder to a legatee after termination of a life estate creates a possibility coupled with an interest and is assignable. *Reilly* v. *Mackenzie* (1926), 151 Md. 216, 134 A. 502, 48 A. L. R. 778. In *Swett* v. *Thompson* (1889), 149 Mass. 302, 21 N. E. 382, it was held that a mortgage on personal property, containing the usual covenants and given by one with a vested interest therein subject to an estate for life, will operate as an equitable assignment, which the mortgagee may enforce after the life tenant's death.

We hold, therefore, that the interest of William A. Buxton in the estate of his father was the proper subject of a chattel mortgage.

It is conceded that the mortgage was not recorded in the county of the mortgagor's residence, as required by § 33-301, Burns' 1933, § 8373, Baldwin's 1934, in force at the time; but appellant says that recordation was unnecessary, because the mortgage was not an assignment of "goods." It is contended that the subject of the mortgage being merely a possibility coupled with an interest in a trust estate, it was not within the contemplation of the above statute. In Jones on Chattel Mortgages and Conditional Sales, Vol. I (6th ed.), § 278, it is stated that statutes respecting the recording of mortgages on personal property apply only to goods and chattels capable of delivery, and that such statutes are not applicable to mortgages on legacies, corporate stock, promissory notes, or choses in action. The cases sustaining the text are cited in the footnotes. The subject is also exhaustively considered and the authorities reviewed in *Lawrence* v. *McKenzie* (1893), 88 Iowa 432, 55 N. W. 505. In *Marsh & another* v. *Woodbury & Trustee* (1840), 1 Met. Mass. 436, the court had before it a case where a legatee under a will assigned her bequest as security for a debt, on the condition that the assignment was to be void if the debt was paid. There was a statute requiring mortgages on personal property to be recorded. The opinion recites:

"The court are of opinion, that the language of the statute, taken with the context and subject matter, applies only to goods and chattels capable of delivery, and not to the defeasible or conditional assignment of a chose in action; and therefore that it is not necessary to the validity of such assignment of a chose in action, that it be recorded. . . ."

It has not been made to appear that the courts of this state have held otherwise, and we are disposed to conform to what we believe to be the prevailing rule.

It is therefore concluded that the mortgage which we are considering was not one required to be recorded by the statute in force at the time it was executed.

Since the appellant had a valid mortgage lien on the entire fund in the hands of the appellee administratrix, the judgment of the trial court is contrary to law. *Ryker, Administrator* v. *Vawter* (1889), 117 Ind. 425, 20 N. E. 294.

It is unnecessary to consider the application of the cases of *Evans, Adm'r* v. *Pence* (1881), 78 Ind. 439, and *Mayer* v. *Myers, Administrator* (1891), 129 Ind. 366, 27 N. E. 740, which purport to hold that the fact that a mortgage is not recorded is not a defense that can be made by the administrator or heir of the deceased, if the estate is insolvent. An exhaustive annotation on that subject may be found in 91 A. L. R. 299.

The judgment is reversed, with directions to sustain the appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

Swaim, J., not participating.

NOTE.—Reported in 34 N. E. (2d) 549.