**ESTATE OF Raymond E. LAMMERTS, Appellant–Defendant,**

v.

**HERITAGE BANK & TRUST COMPANY, Appellee–Plaintiff.**

No. 54A05–9411–CV–447.

Court of Appeals of Indiana.

April 15, 1996.

Gregory H. Miller, Wernle, Ristine & Ayers, Crawfordsville, for Appellant.

Deborah K. Smith, Martin & Smith, Thorntown, for Appellee.

## OPINION

RUCKER, Judge.

In this probate administration action, Heritage Bank & Trust Company (Bank) filed suit for breach of contract and specific performance against the Estate of Raymond Lammerts (Estate). The suit arose out of an estate sale wherein Bank purchased the decedent's home and truck. When Estate refused to tender the warranty deed to the home and title to the truck, Bank filed a complaint. Thereafter Bank filed a motion for summary judgment which the trial court granted. Estate now appeals arguing the trial court erred in so doing. We affirm.

The facts are not in dispute. Bank is the holder of two promissory notes executed by the decedent. One, in the principal amount of $11,221.25, is secured by decedent's pickup truck and minivan. The other, in the principal amount of $33,600.00, is secured by a first mortgage on decedent's residence. At the time of decedent's death on December 10, 1992, there was an outstanding balance on each note.

An estate was opened and a representative appointed. After the representative submitted an inventory, Bank filed a claim against Estate for the outstanding balance on the notes in the amount of $43,631.37 plus accruing interest. Valuing Estate assets at approximately $46,300.00, the representative sought leave of court to sell the assets in order to pay expenses of administration and to satisfy claims of creditors. Specifically, the representative sought leave to sell the minivan, the pickup truck, and the real estate. The petition was granted. At the auction, Bank was the high bidder on the real estate and pickup truck, bidding $37,000.00 and $2,300.00 respectively. A third party was the high bidder on the minivan with a bid of $2,050.00.

Thereafter the trial court approved the representative's Report of Sale. Bank then sent a letter to the representative requesting a warranty deed to the real estate, title to the pickup truck, and proceeds from the sale of the minivan. Estate did not respond, but instead petitioned the court for partial payment of attorney's fees in the amount of $7,500.00 and representative fees in the amount of $5,000.00. The petition was granted. However the fees were not paid at that point because the only liquid assets of Estate were the monies bid at the auction. The record is not clear whether the high bidder for the minivan had paid Estate the amounts due. However, Bank had not paid any monies bid on the pickup truck and the real estate contending that it was entitled to full credit against its two promissory notes.

As a result of the impasse, Bank filed a complaint against Estate for breach of contract and specific performance. Essentially Bank sought an order from the court directing Estate to deliver the warranty deed and title to the pick-up truck. Bank also sought a ruling that would allow it to set off the amounts due on the promissory notes from the amount Bank had bid at the auction. Bank thereafter filed a motion for summary judgment. After a hearing, the trial court granted the motion affording Bank the relief it sought. Pursuant to court order, Bank submitted an affidavit setting forth the amounts due on the promissory notes then totaling $48,200.79 and the amount of attorneys' fees incurred in the amount of $1,068.75. Estate filed a petition objecting to the Bank's alleged entitlement to attorneys' fees and also contending that Bank was liable to Estate in the approximate amount of $20,000.00 for expenses of administration. The trial court denied Estate's petition and approved the Bank's submitted affidavits. Upon Estate's request for clarification, the trial court also determined that Bank was responsible for all expenses charged by the auctioneer. In the end Bank received title to

the pickup truck, warranty deed to the real estate, and the proceeds from the sale of the minivan less the auctioneer's expenses. Estate essentially was left with no liquid assets, incurring instead unpaid representative and attorney's fees in the amount of $12,500.00. This appeal ensued in due course.

Although stated differently, Estate contends the trial court erred in allowing Bank to set off the amounts due on the promissory notes from the amount Bank had bid at the auction. Estate argues that by filing a claim against the estate Bank waived its security interest. The argument continues that once the claim was filed, Bank became a general creditor, and as such, its claim should have been subordinated to the costs of administration in accordance with Ind.Code § 29–1–14–9.[1]

To support its position Estate cites *Demma v. Forbes Lumber Company*, 133 Ind. App. 204, 178 N.E.2d 455, 462 (1961) *reh'g denied*. In that case the Lumber Company filed an action against decedent's estate to foreclose a mechanics lien. The complaint was filed in probate court. Judgment was entered in favor of the Lumber Company for the amount of the materials subject to the lien along with interests and attorney fees. On appeal the dispositive issue was whether the Lumber Company's pleading represented a claim against the estate under the Probate Code or a complaint to foreclose a mechanics lien under the Mechanic's Lien Statutes. Under statutes then existing, a probate court had no jurisdiction to hear matters concerning foreclosure of liens. Deciding that the

pleadings were in fact a complaint to foreclose a mechanics lien, we determined that the trial court had no jurisdiction over the subject matter, and thus the trial court's judgment was reversed. The court went on to elaborate:

> It appears from the statutes and authorities herein-cited that a holder of a lien on real estate in control of the personal representative of decedent has an alternative to either *file a claim in probate court*, waiving the right of foreclosure of said lien *and take his chances on settlement out of the general assets of the estate*; or foreclose his lien on the real estate as provided by statutes relative thereto.

*Id.* at 462. (emphasis added).

We agree that a secured creditor should make a choice as to how it will collect its debt, namely (a) file a claim against the estate, or (b) file a foreclosure action against the secured property. However, unlike Estate we do not read *Demma* as standing for the proposition that once a claim against the estate is filed, the security interest is waived and thus the holder of the security becomes a general creditor.[2] Even assuming that such an inference could be reasonably inferred from the quoted language, any doubt has been put to rest in *Deetz v. McGowan*, 403 N.E.2d 1160 (Ind.Ct.App.1980). There we acknowledged that under Ind.Code § 29–1–14–9 the estate of a deceased person, in addition to the expenses of administration, is charged with the payment of the reasonable expenses of decedent's funeral, and the reasonable expenses of decedent's last sickness.

---

1. The statute provides in pertinent part:
   Classification of claims and allowances.—(a) All claims shall be classified in one (1) of the following classes. If the applicable assets of the estate are insufficient to pay all claims in full, the personal representative shall make payment in the following order:
   (1) Costs and expenses of administration.
   (2) Reasonable funeral expenses....
   (3) Allowances under 29–4–1.
   (4) All debts and taxes having preference under the laws of the United States.
   (5) Reasonable and necessary medical expenses of the last sickness of the decedent, including compensation of persons attending him.
   (6) All debts and taxes having preference under the laws of this state; but no personal representative shall be required to pay any

taxes on any property of the decedent unless such taxes are due and payable before possession thereof is delivered by the personal representative pursuant to the provisions of IC 29–1.
   (7) All other claims allowed.
   (b) No preference shall be given in the payment of any claim over any other claim of the same class, nor shall a claim due and payable be entitled to a preference over claims not due.

2. We do question whether that portion of *Demma* which suggests that by merely filing a claim against the estate a lienholder "waiv[es] the right of foreclosure of said lien" is still good law. However we need not address that issue today because the matter of foreclosure is not before us.

*Id.* at 1164 (*quoting Snyder v. Thieme & Wagner Brewing Co.,* 173 Ind. 659, 90 N.E. 314 (1910) which construed the predecessor to I.C. 29–1–14–9). However the cited expenses were not to be preferred over "specific liens." *Id.* Rather such liens have first preference. We noted:

> The most obvious example of a specific lien in this context is that of a mortgage executed by a decedent during his lifetime covering property owned by him. (cit. omitted). Upon the death of the mortgagor, the mortgagee may assert this specific lien as a claim against the estate, (cit. omitted), or he may waive his right to participate in the assets of the estate and instead rely on his mortgage security in a foreclosure action to satisfy the debt. (cit. omitted)

*Id.* Estate interprets the above language to mean that if a lienholder decides to exercise the option of filing a claim, then it is "subject to the priority payment of claims in accordance with IC 29–1–14–9." *Reply Brief of Appellant* p. 3. However this reading of *Deetz* is wholly inconsistent with the very next sentence to the quoted language which specifically dictates "[i]t has been held that the specific lien of a mortgagee takes precedence over costs of administration, funeral expenses, and expenses of the decedent's last sickness." *Deetz,* 403 N.E.2d at 1164 citing *Ryker v. Vawter,* 117 Ind. 425, 20 N.E. 294 (Ind.1889); *Brown v. Nunn,* 79 Ind.App. 71, 133 N.E. 14 (Ind.Ct.App.1921); *Thurston v. Buxton,* 218 Ind. 585, 34 N.E.2d 549 (Ind. 1941). Thus, contrary to Estate's argument, read together *Demma* and *Deetz* stand for the proposition that once a specific lienholder elects the option of filing a claim against the estate it does indeed participate in the assets of the estate, but the payment of the lien takes precedence over the payment of costs of administration.

In a related argument Estate insists that the expenses associated with the sale of probate assets also include the cost of administration. *See* Ind.Code § 29–1–15–6. Although Estate does not specifically contend, we presume it is referring to attorneys' fees and fees of the representative. Again, however, *Deetz* compels a different interpretation. The payment of a specific lien of a mortgagee "takes precedence over costs of administration." *Id.* at 1164. Finding no error we affirm the judgment of the trial court.

Judgment Affirmed.

SHARPNACK, C.J., and SULLIVAN, J., concur.